MALE v MAYOTTE, CROUSE & D'HAENE ARCHITECTS, INC

Docket Nos. 91204, 91205. Submitted April 20, 1987, at Lansing. Decided June 3, 1987. Leave to appeal applied for.

Mayotte, Crouse & D'Haene Architects, Inc. (Mayotte), also known as Mayotte, D'Haene & Associates, Inc., supervised construction of a laundry facility for the Department of Corrections at the State Prison for Southern Michigan. Mayotte informed the state that the facility would be turned over to the Bureau of Facilities on January 31, 1977. The state, on January 31, 1977, executed a "Certificate of Substantial Completion of Contract Work" which provided that all work which was not completed at that time was to be completed by March 1, 1977. The laundry began operating on January 31, 1977. On October 23, 1978, one of Mayotte's architects attended a meeting regarding sewer problems at the laundry facility. On November 19, 1982, a steam-pressurized drum exploded at the laundry causing injuries. Denzil and Carolyn Male and Edward and Sheila Harris filed separate suits against Mayotte in Ingham Circuit Court in October, 1984, seeking to recover damages for injuries caused by the exploding drum. Defendant moved for accelerated judgment as to the Harrises' complaint on the ground that the action was barred by the statute of limitations. The motion was denied without prejudice pending further discovery to determine the date of completion of Mayotte's work. The two actions were then consolidated for trial and defendant again moved for summary disposition on the ground that the actions were barred by the statute of limitations. The court, Robert Holmes Bell, J., granted the motion. Plaintiffs filed two separate appeals, which have been consolidated.

The Court of Appeals held:

1. The architect's and engineer's statute provides that for purposes of the statute of limitations an improvement is

REFERENCES

Am Jur 2d, Architects §§ 5 et seq.; 23 et seq.

Validity and construction, as to claim alleging design defects, of statute imposing time limitations upon action against architect or engineer for injury or death arising out of defective or unsafe condition of improvement to real property. 93 ALR3d 1242.

deemed to be completed at the time of acceptance, occupation or use, which is March 1, 1977, in this case. An action against an architect or engineer for damages for injury arising out of defective or unsafe conditions of an improvement must be brought within six years after the time of acceptance, occupation or use. Plaintiffs' actions were filed more than six years after March 1, 1977, and are barred by the statute of limitations.

2. Plaintiffs' argument that because one of defendant's architects attended a meeting relative to problems at the facility on October 23, 1978, the period of limitation did not begin to run until that time is without merit.

Affirmed.

1. LIMITATION OF ACTIONS — ARCHITECTS AND ENGINEERS — IMPROVEMENTS TO REAL PROPERTY — DEFECTIVE AND UNSAFE CONDITIONS.

The time limit within which an action must be brought against an architect or engineer to recover damages for injuries arising out of a defective and unsafe condition of an improvement to real property which was designed by or the construction of which was supervised by the architect or engineer is six years from the date of acceptance, occupation or use of the improvement (MCL 600.5839[1]; MSA 27A.5839[1]).

2. LIMITATION OF ACTIONS — ARCHITECTS AND ENGINEERS — IMPROVEMENTS TO REAL PROPERTY.

An improvement to real property is to be considered completed at the time of acceptance, occupation or use for purposes of the statute of limitations for actions against architects and engineers (MCL 600.5839[1]; MSA 27A.5839[1]).

*Goodman, Eden, Millender & Bedrosian* (by *William H. Goodman*), for plaintiffs.

*Sullivan, Ward, Bone, Tyler, Fiott & Asher, P.C.* (by *Michelle A. Thomas*), for defendant.

Before: R. M. MAHER, P.J., and DOCTOROFF and H. T. CONLIN,* JJ.

PER CURIAM. Plaintiffs appeal as of right from an order granting defendant's motion for summary

* Circuit judge, sitting on the Court of Appeals by assignment.

disposition pursuant to MCR 2.116(C)(7) based on the statute of limitations. We affirm.

Defendant, an architectural firm, supervised construction of a laundry facility for the Department of Corrections at the State Prison for Southern Michigan.

On December 14, 1976, defendant wrote to the Bureau of Facilities advising that the laundry facility would be turned over to the agency on January 31, 1977. On December 17, 1976, the Department of Management and Budget wrote to the Department of Corrections that the facility would be substantially completed and turned over to them on January 31, 1977.

At varying times throughout the construction period, the state had executed "Certificates of Substantial Completion of Contract Work" relative to all subcontractors who worked on the facility. The last such certificate, executed on January 31, 1977, provided that all work not yet finished was to be completed by March 1, 1977. The laundry began operating on January 31, 1977.

On October 23, 1978, one of the firm's architects, Nobyn D'Haene, attended a meeting regarding sewer problems at the laundry facility.

On November 19, 1982, plaintiffs were injured at the facility when a steam-pressurized drum exploded. Plaintiffs filed separate complaints against defendant on October 11 and October 22, 1984.

Defendant moved for accelerated judgment pursuant to GCR 116.1(5), now MCR 2.116(C)(7) relative to the Harrises' complaint. It was denied without prejudice pending additional discovery to determine the date of completion of the architect's work.

After consolidation of the two actions, defendant again moved for summary disposition, MCR

2.116(C)(7), claiming that the actions were barred by the applicable six-year statute of limitations, MCL 600.5839; MSA 27A.5839. Plaintiffs appeal as of right from the order granting the motion.

The standard under which we review summary disposition motions pursuant to MCR 2.116(C)(7) is that this Court must accept all of the plaintiff's well-pled allegations as true and construe them most favorably to the plaintiff. *George v City of Petoskey,* 55 Mich App 433, 435; 223 NW2d 6 (1974); *Hansen v Upper Peninsula Power Co,* 144 Mich App 138, 140; 373 NW2d 270 (1985).

Plaintiffs initially argue that, irrespective of whether an improvement is accepted, occupied or used, the period of limitation does not begin to run until the improvement is completed. Next, they argue that summary disposition was improvidently granted because an issue of fact existed relative to when the facility was completed, notwithstanding the fact that defendant's motion was brought pursuant to MCR 2.116(C)(7). Specifically, they contend that, because Nobyn D'Haene attended a meeting on October 23, 1978, regarding problems at the facility, the facility was not completed as of that date and the period of limitation had not yet begun to run.

MCL 600.5839(1); MSA 27A.5839(1), the architect's and engineer's statute, provided as follows when plaintiff's cause of action accrued:[1]

> No person may maintain any action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury against any state

---

[1] The statute has been amended effective March 31, 1986.

licensed architect or professional engineer performing or furnishing the design or supervision of construction of such improvement more than 6 years after the time of occupancy of the completed improvement, use or acceptance of such improvement. This limitation shall not apply to actions against any person in actual possession and control as owner, tenant or otherwise, of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury or damage for which the action is brought.

This statute was restated in *O'Brien v Hazelet & Erdal,* 410 Mich 1, 15; 299 NW2d 336 (1980):

For actions which accrue within six years from occupancy, use, or acceptance of the completed improvement, the statute prescribes the time within which such actions may be brought and thus acts as a statute of limitations.

We therefore agree with plaintiffs' argument that the improvement is deemed to be completed at the time of acceptance, occupation or use.

However, we find no factual issue as to when the facility was completed for statute of limitations purposes. The trial court was obligated to consider not only the pleadings, but also affidavits, depositions, admissions, and documentary evidence filed with the court, MCR 2.116(G)(5). In this case, the court considered certificates of substantial completion drafted and accepted by the state (indicating that the state accepted the facility as substantially complete no later than January 31, 1977), progress notes, correspondence, deposition testimony and affidavits. There was nothing to create a factual issue, for even accepting the information from the last certificate dated January 31, 1977—that all

work not yet finished was to be completed by March 1, 1977—plaintiffs' claims were barred.

Plaintiffs' last argument is that because Nobyn D'Haene attended a meeting relative to problems at the facility on October 23, 1978, the period of limitation did not begin to run until that time, for the improvement was not complete until that time. We find plaintiffs' argument to be without merit, for the architect's deposition testimony indicated that the meeting took place during the one-year warranty period on some sewer problems that the facility experienced. At that time, he took comments from state employees and forwarded them to the proper party relative to the problems. There was no evidence that the facility was not completed at that time; just that problems had occurred.

Allowing such a meeting to prolong the running of the period of limitation would be in contravention of the statute's dual purposes of limitation and repose of actions. See, *O'Brien, supra* at 15; *Oole v Oosting,* 82 Mich App 291, 298-300; 266 NW2d 795 (1978).

Affirmed.