EXECUTONE BUSINESS SYSTEMS CORPORATION v IPC
COMMUNICATIONS, INC

Docket Nos. 100681, 101577, 101795. Submitted January 11, 1989, at
Detroit. Decided June 19, 1989. Leave to appeal applied for.

Plaintiff, Executone Business Systems Corporation, sells, installs
and maintains private communication systems. IPC Communi-
cations, Inc., a New York corporation, IPC Technologies, Ltd., a
Connecticut corporation, IPC Communications, Inc., a Delaware
corporation, and Contel Financial Systems, Inc., a Delaware
corporation (hereafter collectively referred to as IPC or defen-
dant) designs, manufactures and sells telephone communication
systems. In 1979, plaintiff signed an exclusive dealership agree-
ment to become a distributor of IPC's Citation telephone sys-
tem. Between 1979 and 1984 plaintiff purchased twenty-six
systems from defendant. When plaintiff's customers experi-
enced various problems with the systems, plaintiff communi-
cated to IPC numerous times regarding the problems. IPC
made repeated attempts to repair the systems and told plaintiff
the problems would be resolved. On August 8, 1985, plaintiff
brought an action in the Oakland Circuit Court against IPC
and in November, 1986, plaintiff filed a first-amended com-
plaint. Plaintiff alleged breaches of express and implied war-
ranties, fraudulent misrepresentation, fraudulent inducement
to contract, negligent design and testing and failure to warn
plaintiff of defects in the systems. IPC moved for partial sum-
mary disposition claiming that any systems which were deliv-
ered four years prior to plaintiff's filing of the complaint should
be excluded from the suit based on the fact that the four-year
period of limitation provided in the Uniform Commercial Code
had expired. The trial court, Robert C. Anderson, J., granted
the motion. The trial court thereafter denied plaintiff's motions
for a rehearing and to file a second-amended complaint. Plain-
tiff appealed by leave granted from the order granting partial

REFERENCES

Am Jur 2d, Limitations of Actions §§ 92 *et seq.*, 126 *et seq.*;
Pleading §§ 309-314; Sales §§ 928 *et seq.*

What constitutes warranty explicitly extending to "future perfor-
mance" for purposes of UCC sec. 2-725(2). 93 ALR3d 690.

summary disposition (Docket No. 100681), the denial of the motion for rehearing (Docket No. 101577), and the denial of leave to file a second-amended complaint (Docket No. 101795). The appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

1. The circuit court erred in granting IPC's motion for partial summary disposition because IPC's warranties explicitly extended to future performance and, therefore, plaintiff's claim for damages for breach of warranty did not accrue until the breach was or should have been discovered as provided in § 2-725 of the UCC, being MCL 440.2725(2); MSA 19.2725(2). The matter is remanded for a determination of when the alleged warranty breach was or should have been discovered.

2. The circuit court did not err in determining that IPC was not equitably estopped from raising a statute of limitations defense.

3. The circuit court erred in concluding that plaintiff's fraud allegations were subject to the UCC's four-year period of limitation, § 2-725, instead of the six-year period of limitation for fraud claims contained in MCL 600.5813; MSA 27A.5813. The denial of plaintiff's motion for rehearing is, therefore, reversed.

4. The circuit court abused its discretion in denying plaintiff's motion for leave to file a second-amended complaint based solely on dilatory filing. Such denial is reversed.

Reversed and remanded.

1. LIMITATION OF ACTIONS — BREACH OF CONTRACT FOR SALE —
   FUTURE PERFORMANCE.

   An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued; by the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it; a cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach; a breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered (MCL 440.2725; MSA 19.2725).

2. ESTOPPEL — LIMITATION OF ACTIONS — CONDUCT.

   For an equitable estoppel to preclude the defendant from raising a statute of limitations as a defense, there must have been conduct clearly designed to induce the plaintiff to refrain from bringing action within the period fixed by statute.

3. LIMITATION OF ACTIONS — FRAUD — BREACH OF CONTRACT.

Fraud claims in Michigan are subject to a six-year period of limitation; the four-year period of limitation provided for actions for breach of any contract for sale by the Uniform Commercial Code has no bearing on the statute of limitations applicable to a fraud or misrepresentation count (MCL 440.2725, 600.5813; MSA 19.2725, 27A.5813).

4. PLEADING — AMENDMENT OF PLEADINGS — PREJUDICE.

Leave to amend a complaint shall be freely given when justice so requires; a motion to amend should be denied only for such specific reasons as futility, failure to cure deficiencies by amendments previously allowed, undue delay, prejudice to the nonmoving party, or bad faith or dilatory motive by the movant; prejudice sufficient to justify denial arises when amendment would prevent a party from having a fair trial and not prejudice arising from the amendment's effect on the result of trial or loss of a meritorious claim or defense; delay without more, such as undue prejudice, does not mandate the denial of a motion to amend (MCR 2.118[A][2]).

*Schlussel, Lifton, Simon, Rands, Galvin & Jackier* (by *Donald B. Lifton* and *Lawrence M. Dudek*), for plaintiff.

*Butzel, Long, Gust, Klein & Van Zile* (by *Carl R. Rashid, Jr., Patricia L. Sadler* and *Jeffery M. Brinza*), for defendants.

Before: MURPHY, P.J., and MACKENZIE and REILLY, JJ.

MURPHY, P.J. In this consolidated action, plaintiff appeals by leave granted from three orders of the lower court. The first order granted defendants' motion brought under MCR 2.116(C)(7) for partial summary disposition. The second order denied plaintiff's motion for rehearing relative to the partial summary disposition order. The third order denied plaintiff's motion for leave to file a second-amended complaint. We reverse all three orders of the trial court and remand for further proceedings.

Plaintiff sells, installs and maintains private telephone communication systems. Defendant IPC[1] designs, manufactures and sells telephone communication systems. In 1979, plaintiff signed an exclusive dealership agreement to become a distributor of IPC's Citation telephone system.

Between 1979 and 1984, plaintiff purchased twenty-six Citation telephone systems, installed them at customer locations, and serviced them. Plaintiff alleged that its customers experienced numerous problems with the systems including poor transmission, cross-talk, hard-to-hear calls, and system failures. Plaintiff conducted a survey revealing that IPC's systems required six hundred percent more service during their lifetime than would have been required had the systems performed according to specifications. Between 1979 and 1984 plaintiff communicated with IPC numerous times regarding the problems with the systems. IPC made repeated efforts to repair the systems and told plaintiff that the problems would be resolved. Plaintiff continued to purchase and install the Citation systems. Plaintiff sold its last Citation system in November, 1983.

On August 8, 1985, plaintiff filed suit against IPC and in November, 1986, plaintiff filed a first-amended complaint. Plaintiff pled various counts against defendant including breaches of express and implied warranties, fraudulent misrepresentation, fraudulent inducement to contract, negligent design and testing and failure to warn plaintiff of defects in the Citation system. Plaintiff alleged that it had suffered losses in excess of $3.9 million dollars because of increased maintenance costs,

---

[1] Although not relevant to the instant appeals, various corporate mergers have taken place between IPC Communications, Inc., and IPC Technologies, Ltd., which have resulted in a single corporate entity, Contel Financial Systems, Inc. For ease of reference, the various defendants will be referred to as IPC or defendant.

lost profits, lost capital, damage to reputation and legal expense.

In March, 1987, IPC filed a motion for partial summary disposition, pursuant to MCR 2.116(C)(7), claiming that "any systems that were delivered prior to August 8, 1981 [four years before the filing of plaintiff's August 8, 1985, complaint] should be excluded and barred from this law suit." IPC's motion was based on the fact that the four-year period of limitation under the Uniform Commercial Code, MCL 440.2725; MSA 19.2725, had expired. The lower court granted the motion and plaintiff filed for leave to appeal in this Court. This matter is Docket No. 100681.

Plaintiff then moved for a rehearing relative to the circuit court's grant of partial summary disposition. The lower court denied that motion, ruling that MCL 440.2725; MSA 19.2725 governed the transaction and that there was no basis for plaintiff's claim that its allegations of fraud against IPC were subject to the six-year period of limitation in MCL 600.5813; MSA 27A.5813. Plaintiff also filed an application for leave to appeal relative to the lower court's denial of its motion for reconsideration. This matter is Docket No. 101577.

Plaintiff next sought leave in the circuit court to file a second-amended complaint. This motion was denied and plaintiff again challenged the lower court's order by filing an application for leave to appeal, Docket No. 101795, in this Court.

This Court then granted all three of plaintiff's applications for leave to appeal and these matters were consolidated for argument and submission.

Plaintiff first contends the circuit court erred in granting IPC's motion for partial summary disposition because IPC's warranties explicitly extended to future performance and, therefore, plaintiff's claim for damages for breach of warranty did not

accrue until the breach was or should have been discovered as provided in MCL 440.2725(2); MSA 19.2725(2). We agree.

When reviewing a motion for summary disposition pursuant to MCR 2.116(C)(7), this Court must accept the plaintiff's well-pled allegations as true and construe them in favor of the plaintiff. *Male v Mayotte, Crouse & D'Haene Architects, Inc,* 163 Mich App 165, 168; 413 NW2d 698 (1987), lv den 429 Mich 901 (1988). If there are no facts in dispute, the issue whether the claim is statutorily barred is one of law for the court. *Coddington v Robertson,* 160 Mich App 406, 410; 407 NW2d 666 (1987).

In this case, the lower court granted defendant's motion for partial summary disposition by relying on Uniform Commercial Code § 2-725, being MCL 440.2725; MSA 19.2725, which in pertinent part provides:

(1) An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than 1 year but may not extend it.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, *except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.*

The dealership agreements entered into between the parties in 1979 and 1980 provided for a one-year warranty by IPC from the date of shipment. Moreover, the distribution agreement subsequently

entered into between the parties in pertinent part provided:

> IPC warrants that any system or any component part thereof or any spare parts of equipment sold pursuant to this agreement will conform to published specifications, and will be free from defects in material and workmanship; under normal use and services for a period of 13 months from date of shipment. The liability of IPC under this warranty is limited to replacing or repairing or issuing credit (at the discretion of Seller and with the prior approval of Distributor) for such Systems that become defective during the warranty.

Plaintiff argues that its claims for damages for defective systems delivered before August 8, 1981, four years before the filing of its complaint, are not barred by the four-year statute of limitations because IPC's warranties explicitly extended to future performance. We agree.

The United States Court of Appeals in *Standard Alliance Industries, Inc v Black Clawson Co,* 587 F2d 813, 820-821 (CA 6, 1978), cert den 441 US 923; 99 S Ct 2032; 60 L Ed 2d 396 (1979), held that an express warranty for a period of one year explicitly extended to future performance. The court explained:

> Where, however, an express warranty is made which extends for a specific period of time, i.e. one year, the policy reasons behind strict application of the limitations period do not apply. *If a seller expressly warrants a product for a specified number of years, it is clear that, by this action alone, he is explicitly warranting the future performance of the product or goods for that period of time.* As [White & Summers, Uniform Commercial Code, p 342] points out, if an automobile is warranted to last for twenty-four thousand miles or four years,

the warranty should extend to future performance. If the car fails within the warranty period, the limitations period should begin to run from the day the defect is or should have been discovered.

In the case at bar, Black Clawson expressly warranted the machine for a period of one year. Thus, we hold that the warranties explicitly extended to future performance for a period of one year. Therefore, under § 2-725(2) the cause of action accrued when Standard Alliance discovered or should have discovered that the machine was defective, so long as the defect arose within the warranty period.

In addition, the Eighth Circuit of the United States Court of Appeals relied upon the above authority in *R W Murray Co v Shatterproof Glass Corp,* 697 F2d 818 (CA 8, 1983), and concluded that the warranty at issue in that case extended to future performance because the warranty provided that the product would perform in a specified manner for a specific period of time.[2]

We are convinced that the warranty provisions in the dealership and distributorship agreements signed by the parties in this case were sufficiently explicit to fall within the statutory exception providing that the limitation period should begin

---

[2] The warranty in *Shatterproof* was footnoted in the United States Court of Appeals opinion as follows:

The exact language of this alleged warranty contained in a Shatterproof Technical Bulletin, incorporated by reference into the complaint, was as follows:

"Subject to the conditions below, Shatterproof Glass Corporation warrants its insulating glass units for a period of twenty (20) years from the date of manufacture against defects in material or workmanship that result in moisture accumulation, film formation or dust collection between the interior surfaces, resulting from failure of the hermetic seal. Purchaser's exclusive remedy and Shatterproof's 'total' liability under this warranty shall be limited to the replacement of any lite failing to meet the terms of this warranty. Such replacement will be made F.O.B. Detroit to the shipping point nearest the installation." [*Shatterproof Glass, supra,* p 822, n 3.]

running from the date the defect was or should have been discovered. Consequently, if any of defendant's telephone systems did not perform as warranted within the applicable twelve- or thirteen-month warranty period, the limitation period should begin to run from the day the defect was or should have been discovered.

We note that IPC's reliance on this Court's decision in *Centennial Ins Co v General Electric Co*, 74 Mich App 169; 253 NW2d 696 (1977), is misplaced. The warranty provision in *General Electric*[3] did not explicitly warrant that the goods would be free from defects for a specified period of time. Rather, the language of that warranty was classified by this Court as "a specification of the remedy to which buyer is entitled should breach be discovered within the first year." *General Electric, supra,* p 171. Conversely, the various warranty provisions in the case at bar explicitly provided freedom "from defects for a period of one year from the date of shipment" or to "be free from defects in material and workmanship; under normal use and services for a period of thirteen months from date of shipment."

Based on the foregoing, we conclude that the lower court erred in determining that the warran-

---

[3] *General Electric, supra,* p 171, n 1:

"The Company warrants to the Purchaser that the equipment to be delivered hereunder will be free from defects in material, workmanship and title and will be of the kind and quality designated or described in the contract. The foregoing warranty is exclusive and in lieu of all other warranties whether written, oral, or implied (including any warranty of merchantability or fitness for purpose). *If it appears within one year from the date of shipment by the Company that the equipment delivered hereunder does not meet the warranties specified above and the Purchaser notifies the Company promptly, the Company shall thereupon correct any defect,* including non-conformance with the specifications, at its option, either by repairing any defective part or parts or by making available at the Company's plant, a repaired or replacement part." [Emphasis in *General Electric.*]

ties in this case did not extend to future performance and in granting IPC's motion for partial summary disposition. Accordingly, on this issue, we remand this matter to the trial court for further proceedings for plaintiff to offer proofs on when the alleged warranty breach was or should have been discovered. MCL 440.2725(2); MSA 19.2725(2).

Plaintiff next contends that IPC is equitably estopped from asserting the statute of limitations defense. We disagree.

In response to IPC's motion for partial summary disposition, plaintiff argued that IPC made numerous representations that it would repair the defects in the systems and that it detrimentally relied upon those representations. IPC countered that plaintiff was aware of defects in the systems and could have filed suit at any time.

In *Lothian v Detroit,* 414 Mich 160, 177; 324 NW2d 9 (1982), our Supreme Court explained that it was reluctant to recognize an estoppel in the absence of conduct clearly designed to induce the plaintiff to refrain from bringing action within the period fixed by statute.

In this case, plaintiff has alleged no facts that demonstrate that IPC undertook a course of action designed to induce plaintiff into refraining from filing suit. Moreover, it does not appear from the record that plaintiff was lulled into inaction by IPC's conduct and representations relative to forthcoming repairs. Simply, we do not believe that IPC's conduct falls within the standards outlined in *Lothian, supra.* Therefore, we conclude that the lower court did not err in determining that IPC was not equitably estopped from raising a statute of limitations defense.

Plaintiff next argues that the trial court erred in concluding that plaintiff's fraud allegations were

subject to the Uniform Commercial Code's four-year period of limitation. After the trial court granted IPC's motion for partial summary disposition, plaintiff moved for rehearing on the ground that its fraudulent inducement claims were subject to a six-year period of limitation. We agree.

Fraud claims in Michigan are subject to a six-year period of limitation. MCL 600.5813; MSA 27A.5813; *Sweet v Shreve,* 262 Mich 432; 247 NW 711 (1933). Our research has uncovered no Michigan authority resolving the potential conflict between the four-year UCC period of limitation and the six-year period of limitation applicable to fraud allegations. However, in *Shatterproof Glass, supra,* p 831, after an exhaustive review, the Eighth Circuit Court of Appeals held that UCC § 2-725 has no bearing on the question of the statute of limitations applicable to a fraud or misrepresentation count. We agree and adopt the reasoning employed in *Shatterproof Glass* on this issue. See also *Triangle Underwriters, Inc v Honeywell, Inc,* 604 F2d 737, 746-748 (CA 2, 1979), and *Invacare Corp v Sperry Corp,* 612 F Supp 448 (ND Ohio, 1984).

We note that, in responding to plaintiff's arguments on this issue, IPC contends that plaintiff has failed to state a claim for fraud in the inducement. IPC argues that plaintiff's claim is not independent of any contract and, consequently, plaintiff's claim is governed by the four-year UCC period of limitation. However, this issue is not properly before us. The lower court was never asked to, and never did, decide whether plaintiff's fraud count stated a claim upon which relief can be granted. See MCR 2.116(C)(8). We leave it for the lower court on remand to address this matter. Therefore, on this issue, we reverse the lower court's denial of plaintiff's motion for rehearing because the trial

court erred in concluding that plaintiff's fraud allegations were only subject to the four-year period of limitation in MCL 440.2725; MSA 19.2725.

Plaintiff next contends that the trial court erred in granting IPC's motion for partial summary disposition because genuine issues of material fact existed regarding plaintiff's fraud claim.

This Court's review is limited to issues actually decided by the trial court. *Michigan Mutual Ins Co v American Community Mutual Ins Co,* 165 Mich App 269, 277; 418 NW2d 455 (1987). In this case, plaintiff argues that the lower court improperly granted partial summary disposition pursuant to MCR 2.116(C)(10). Defendant counters that plaintiff failed to state a claim upon which relief can be granted. MCR 2.116(C)(8). We note that the trial court's ruling only addressed the application of the statute of limitations. MCR 2.116(C)(7). The trial court has not yet ruled on any MCR 2.116(C)(8) or (10) issues. Since these matters were not before the trial court, they are not properly before us.

Plaintiff's last contention raised on appeal is that the lower court abused its discretion in denying its motion for leave to file a second-amended complaint. We agree.

Leave to amend a complaint "shall be freely given when justice so requires." MCR 2.118(A)(2). A motion to amend a complaint should be denied only for such specific reasons as futility, failure to cure deficiencies by amendments previously allowed, undue delay, prejudice to the nonmoving party, or bad faith or dilatory motive by the movant. *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 656; 213 NW2d 134 (1973); *Muilenberg v Upjohn Co,* 169 Mich App 636, 645; 426 NW2d 767 (1988). Prejudice sufficient to justify denial of a motion for leave to amend a complaint arises

when amendment would prevent a party from having a fair trial. *Upjohn, supra,* p 645.

In this case, one day after the trial court granted IPC's motion for partial summary disposition, plaintiff filed a motion for leave to file a second-amended complaint containing five additional counts. In response to the court's inquiry, plaintiff stated that its purpose in seeking leave to amend was to assert claims on new information obtained through discovery, and to assert claims that would be unaffected by the court's application of the statute of limitations in MCL 440.2725; MSA 19.2725. IPC opposed the motion stating that plaintiff had filed it in bad faith and had engaged in undue delay. At the conclusion of the hearing, the court denied the motion. In response to plaintiff's request that the court state specifically its reasons for denying the motion, the court made the following remarks:

> Sir, I think, as I indicated, I spent a great deal of time and I know counsel has, and I think this matter, these matters should have been raised prior to this time, and it is an '85 case, and I see, actually, no reason why it did not come up prior to this time. I have allowed one amendment and I have heard, I don't know how many different times you gentlemen have been in Court on this matter, and briefed different points and I don't see how you could brief around this point without having it for the record, and before the Court, and that is the Court's ruling.

It is apparent from the above remarks that the trial court focused solely upon plaintiff's delay in filing its motion to amend the complaint. We note that plaintiff's second-amended complaint pleads no new facts whatsoever. Rather, plaintiff seeks to derive from facts already pled different legal theo-

ries upon which relief may be afforded. Moreover, the court did not find that IPC would be unduly prejudiced if plaintiff amended its complaint. Delay without more, such as undue prejudice, does not mandate the denial of a motion to amend. *Davis v Chrysler Corp*, 151 Mich App 463, 473-474; 391 NW2d 376 (1986), lv den 428 Mich 869 (1987). The prejudice justifying the denial of a motion to amend is not prejudice arising from the amendment's effect on the result of trial or loss of a meritorious claim or defense, but is, rather, prejudice preventing a party from having a fair trial. *Fyke, supra,* pp 657-658; *Chrysler Corp, supra,* p 474.

Based on the foregoing, we conclude that the trial court inappropriately denied plaintiff's motion to amend its complaint based solely on dilatory filing. Therefore, we reverse the lower court's denial of plaintiff's motion to amend its complaint.

Reversed and remanded for proceedings consistent with this opinion.