NEUMANN v STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

Docket No. 109108. Submitted June 8, 1989, at Grand Rapids. Decided
July 12, 1989.

Chris Neumann was injured in an automobile accident and State
Farm Mutual Automobile Insurance Company, Neumann's in-
surer, reimbursed him for his medical expenses, including
travel costs incurred in obtaining medical treatment. State
Farm's policy is to reimburse claimants for actual costs in-
curred if they are documented and otherwise reasonable.
Where the claimant provides no proof of actual travel costs,
State Farm pays at the rate of nine cents per mile. Neumann
received nine cents per mile because he did not submit any
evidence of actual travel costs. Neumann filed suit against
State Farm in Otsego Circuit Court, claiming that he had not
been sufficiently reimbursed for his travel expenses. He re-
quested that the court order State Farm to set a reasonable
rate for mileage, adopt a formula for calculating such a rate for
future cases, and pay damages. State Farm moved for summary
disposition on the ground that Neumann's actual travel costs
amounted to only 7.96 cents per mile. Neumann offered no
documentary evidence to refute the claim, but requested that
the court delay deciding State Farm's motion pending further
discovery. The court, William A. Porter, J., denied Neumann's
request and granted summary disposition in favor of State
Farm. Neumann moved for a new trial, rehearing, reconsidera-
tion, or relief from judgment. The motion was denied. Neu-
mann appealed.

   The Court of Appeals held:

   1. The trial court did not err in deciding the summary
disposition motion even though the time for discovery had not
ended. Summary disposition is appropriate, even though discov-
ery is not yet complete, where further discovery does not stand

REFERENCES

Am Jur 2d, Automobile Insurance §§ 346, 351, 359.

See the Index to Annotations under Discovery; No-Fault Insurance;
Summary Judgment.

a fair chance of uncovering factual support for the opposing party's position.

2. The formula used by the trial court in calculating Neumann's travel expenses was neither flawed nor incorrect as a matter of law. The court allowed reimbursement only for travel expenses actually incurred by Neumann, and Neumann did not submit proof of expenses over and above normal wear and tear of his vehicle.

3. State Farm has no obligation, statutory or otherwise, to create any formula or method of calculation. Neumann's claim that summary disposition was improper as to his entire complaint because it asserted a cause of action for establishing a future rate formula which was unaffected by State Farm's motion is rejected.

Affirmed.

1. JUDGMENTS — SUMMARY DISPOSITION — EVIDENCE — DISCOVERY.

Summary disposition is appropriate, even though discovery is not yet complete, where there is no fair chance that further discovery will result in the uncovering of factual support for the opposing party's position.

2. INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE — REIMBURSEMENT OF EXPENSES.

The no-fault act entitles an insured to the reimbursement of allowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery or rehabilitation, including reasonable transportation expenses actually incurred for the purpose of obtaining the medical treatment (MCL 500.3107[a]; MSA 24.13107[a]).

3. INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE — REIMBURSEMENT OF EXPENSES.

A no-fault insurer has no obligation, statutory or otherwise, to create any formula or method of calculating reasonable transportation expenses an injured insured incurred in obtaining reasonable necessary medical treatment of injuries suffered in an automobile accident (MCL 500.3107[a]; MSA 24.13107[a]).

*Sumpter & Perry, P.C.* (by *Thomas E. McDonald*), for plaintiff.

*Bodman, Longley & Dahling* (by *Theodore Souris, James A. Smith,* and *Kim Michael Lavalle*), for defendant.

Before: CYNAR, P.J., and CAVANAGH and N. J. KAUFMAN,* JJ.

PER CURIAM. Plaintiff appeals as of right from the decision of the Otsego Circuit Court granting summary disposition to defendant. MCR 2.116(C)(10). We affirm.

On April 9, 1986, plaintiff was involved in an automobile accident and suffered physical injuries. Defendant, plaintiff's no-fault insurer, reimbursed him for his medical expenses, including travel costs incurred in obtaining medical treatment. In regards to the travel cost, defendant's policy is to reimburse claimants for the actual costs incurred, assuming the costs are documented and are otherwise reasonable. Where the claimant provides no proof of actual travel costs, defendant pays at the rate of nine cents per mile. Here, plaintiff reported his mileage without submitting any evidence of actual travel costs, so defendant reimbursed him at the standard rate.

Plaintiff commenced the instant action against defendant in the Otsego Circuit Court,[1] claiming that he had not been sufficiently reimbursed for his travel expenses. By way of an amended complaint, plaintiff asserted that his actual travel expenses exceeded the amounts paid by defendant and requested that defendant be ordered to (i) set a reasonable rate for mileage, (ii) adopt a formula for calculating such a rate for future cases, and (iii) pay damages.

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

[1] Plaintiff's complaint sought to prosecute this matter as a class action. The trial court, in its October 22, 1987, opinion, held that the suit was not appropriate for a class action because the amount of each particular claimant's damages would require individualized proofs. Thus, the court concluded that the proposed class did not share a common question for litigation. On appeal, plaintiff has not challenged that portion of the trial court's ruling.

On July 10, 1987, defendant moved for summary disposition pursuant to MCR 2.116(C)(10), no genuine issue of material fact. The basis of this motion was that information obtained during discovery revealed that plaintiff's actual travel costs (including the pro rata share of gasoline, maintenance, insurance, and depreciation expenses) amounted to only 7.96 cents per mile. Plaintiff opposed the motion, claiming that defendant's calculations did not account for all travel expenses incurred, but he submitted no documentary evidence in support of that position.

On July 22, 1987, plaintiff filed a motion, requesting that the trial court delay deciding defendant's summary disposition motion pending further discovery. By an order dated August 25, 1987, the court denied plaintiff's request.

On October 22, 1987, the trial court issued a written opinion granting summary disposition to defendant. The court held:

> Plaintiff has not contraverted [sic] the evidentiary material and affidavits of defendant as required by MCR 2.116(G)(4), thus the Court finds there exists no genuine issue of material fact that the plaintiff is entitled to more than nine cents a mile for his trips for medical treatment as he did not actually incur expenses in excess of the same.

The court also explained its reasons for not delaying its decision to allow for additional discovery. The court reasoned, in part, that "all of the information available with respect to the expenses which the plaintiff actually incurred are presumably within his possession or knowledge or within his ability to obtain the same." For that reason and others, the court concluded that plaintiff failed to show he had a chance of uncovering facts

supporting his position or opposing defendant's motion so as to justify further delay.

Defendant thereafter submitted a proposed order for summary disposition which plaintiff opposed as to form. Along with his objections to entry of the order, plaintiff presented, among other things, an affidavit from a certified mechanic which enumerated various maintenance costs that could be "reasonably anticipated" from the operation of an automobile. Plaintiff also attached his own affidavit which detailed numerous maintenance expenses he has incurred or might incur outside the period of medical treatment but which would allegedly be caused in part by the miles he travelled to and from the doctors' offices. The trial court overruled plaintiff's objections at a December 14, 1987, hearing.

On December 17, 1987, the court entered an order granting summary disposition to defendant for the reasons stated in its October 22, 1987, opinion.

Subsequently, plaintiff filed a motion for "new trial/rehearing/reconsideration and/or relief from judgment." Plaintiff claimed that summary disposition as to this entire complaint was improper because he also requested that defendant adopt a set formula for calculating reasonable mileage in the future. Plaintiff further contended that the affidavits filed with his objections to the proposed summary disposition order raised material issues of fact and that defendant's mileage rate was "pitifully poor." Plaintiff included a laundry list of items which, he claimed, should be accounted for in calculating a reasonable mileage rate (e.g., wiper blades, tires, washing and waxing of vehicle, antifreeze, etc.).

On April 28, 1988, the trial court issued a writ-

ten opinion denying plaintiff's various motions. The court ruled:

> This Court, in its opinion and order heretofore referred to, found that there is no genuine issue of material fact that plaintiff had not actually "incurred" health care mileage at a rate greater than nine cents per mile. This Court was and is of the opinion and does specifically rule that plaintiff's entitlement to payment for the reasonable transportation expenses incurred for the purpose of obtaining medical treatment is limited to plaintiff's actual expenses. As the statute requires the incurrence, such actual expense is a precondition to the obligation to pay the same. Thus, the Court looked solely to the amount of expenses plaintiff incurred. The Court understood at the time that the plaintiff, as a necessary cornerstone or predicate to his lawsuit, was alleging that his actual costs incurred were more than nine cents but notwithstanding the same, plaintiff was establishing the rate at nine cents. The Court gleaned the same from Count i, which was plaintiff's individual claim. Because of the statutory language, and since plaintiff did not incur expenses in excess of nine cents, there is no genuine issue of material fact with respect to Counts i and/or ii. The Court specifically finds that defendant has no obligation to create any formula or method of calculation. None is created by statute, rule, regulation, or case law. Defendant only has the obligation to pay the expenses incurred with the upper limitation that they be reasonable. Plaintiff's additional material made a part of the motion for reconsideration does not establish that the costs incurred for medical treatment was more then [sic] nine cents per mile. The additional cost of annual license plate fees and annual registration fees does not bring the cost to a sum greater than nine cents per mile. Further, the affidavit of Roger Duffiney does not comply with MCR 2.119(B)(1)(a), (b), (c). Further, his affidavit does not establish plaintiff actually incurred the costs that he sets forth

therein. Plaintiff set forth in detail, as heretofore discussed, his expenses incurred. They do not include the material set forth in Duffiney's affidavit. The wear and tear on a car which shortens its life expectancy was established by plaintiff's testimony concerning its purchase price and present value, thereby establishing a depreciation factor. Plaintiff may not have been necessarily limited to the depreciation figure as the ceiling on the wear and tear of his vehicle. He could, in fact, have claimed expenses over the amount of the depreciation if he had actually incurred them and as long as they were ultimately found by a fact finder to be reasonable. Since he did not incur them, the fact finder need not establish their reasonableness.

An order incorporating the above holdings was entered on May 26, 1988. This appeal followed.

Plaintiff first argues that the trial court, in finding that his travel costs did not exceed nine cents per mile, impermissibly engaged in fact finding prior to the close of discovery. We do not agree.

As the trial court noted, summary judgment is appropriate, even though discovery is not yet complete, where further discovery does not stand a fair chance of uncovering factual support for the opposing party's position. *Mowery v Crittenton Hosp,* 155 Mich App 711, 716; 400 NW2d 633 (1986). For the reasons stated by the trial court, we concur that it did not appear that additional discovery would have produced factual support for plaintiff's position. Contrary to what plaintiff asserts, he was not limited to just four days to garner that support. He had approximately seven months within which to engage in discovery after being told by the trial court that his original complaint could not survive without proof that his travel expenses exceeded the payments made by defendant. Furthermore, at the time of the sum-

mary disposition motion, plaintiff never indicated to the court that he was attempting to procure certain specific information but would need additional time to do so. Instead, by all appearances, plaintiff had no specific course of discovery in mind but was merely on a hunting expedition in the hope of finding factual support. We therefore conclude that the trial court did not err in deciding the summary disposition motion even though the time for discovery had not ended.

Plaintiff next argues that the formula used by the trial court in calculating his travel expenses was flawed and incorrect as a matter of law. Again, we disagree.

Under § 3107 of the no-fault act, an insured is entitled to the reimbursement of "[a]llowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery or rehabilitation." MCL 500.3107(a); MSA 24.13107(a). This includes reasonable transportation expenses incurred for the purpose of obtaining the medical treatment. *Swantek v Automobile Club of Michigan Ins Group,* 118 Mich App 807, 809-810; 325 NW2d 588 (1982), lv den 417 Mich 995 (1983). We agree with the trial court's interpretation of § 3107(a) as allowing only for travel expenses *actually* incurred by the claimant.

In the case at bar, plaintiff's proofs were insufficient to create a genuine issue of material fact because he failed to show with any degree of certainty that his laundry list of expenses were, or would be, actually incurred by him. Moreover, most of the expenses claimed by plaintiff would presumably be accounted for in the depreciation factor.[2] While we do not hold that he is absolutely

---

[2] Plaintiff's attempt to establish a higher depreciation factor must

limited to that amount, he did not—as the trial court noted—submit proof of expenses over and above normal wear and tear of the vehicle. Consequently, we cannot say the trial court's rate formula was faulty as a matter of law or fact.

Lastly, plaintiff claims that summary disposition was improper as to his entire complaint because it asserted a cause of action for establishing a future rate formula which was unaffected by defendant's motion. Plaintiff is mistaken. His "count" for a future rate formula was not a separate cause of action but rather was a possible remedy. In regards to his personal claim (as opposed to the class action claim), plaintiff sought remuneration for past expenses only. He did not allege in his amended complaint that he would incur travel expenses in the future. Additionally, as the trial court noted, defendant has no obligation, statutory or otherwise, to create any formula or method of calculation. On the facts of this case, we decline to impose such an obligation upon defendant.

Affirmed.

be rejected. Having established that the automobile's value depreciated by $150, plaintiff cannot now create a factual dispute by asserting contradictory evidence. See *Peterfish v Frantz,* 168 Mich App 43, 54; 424 NW2d 25 (1988). We also find it unlikely that plaintiff's automobile, a 1976 Chevrolet Malibu which had a market value of $500 on the date he purchased it (as indicated by the sale price), had a Blue Book depreciation value of $900 as he claimed in response to defendant's motion.