KASSAB v MICHIGAN BASIC PROPERTY INSURANCE
ASSOCIATION

Docket No. 112542. Submitted April 18, 1990, at Detroit. Decided
August 22, 1990. Leave to appeal applied for.

Manual Kassab's business was insured through a fire insurance
policy issued by Michigan Basic Property Insurance Associa-
tion. On August 30, 1986, the business sustained significant fire
damage. On September 4, 1986, Kassab filed a claim of loss
with Michigan Basic for $75,000, the policy limit. The claim
was denied by Michigan Basic on March 13, 1987, based, in
part, on a belief that Kassab set the fire or had it set and that
he subjected the property to an increase of hazard. On March
25, 1988, Kassab filed suit against Michigan Basic, Metropoli-
tan Adjustment & Investigation Company, and attorney John
Honeyman in Wayne Circuit Court, alleging that Michigan
Basic breached the insurance contract and made fraudulent
misrepresentations to plaintiff in selling him the insurance
policy. Plaintiff also alleged that the defendants violated the
Civil Rights Act and failed to investigate his claim in good
faith. Defendants moved for summary disposition on the
ground that plaintiff's contract claims were barred by the one-
year statute of limitations and that plaintiff's allegations were
insufficient to support a civil rights claim against them. The
court, Charles S. Farmer, J., denied the motion on the ground
that discovery had not yet been completed. Defendants ap-
pealed by leave granted.

The Court of Appeals *held*:

1. The trial court erred in not granting Michigan Basic's
summary disposition motion as to plaintiff's breach of contract
claim. The statute of limitations barred plaintiff's suit on the
policy itself, and the doctrine of equitable estoppel is not
available to plaintiff to avoid the statute of limitations defense.

2. The court properly denied Michigan Basic's motion for

REFERENCES

Am Jur 2d, Civil Rights §§ 26, 27, 32, 33; Fraud and Deceit § 424;
· Insurance §§ 1329, 1331, 1880, 1883, 1884, 1890; Summary Judg-
ment §§ 26, 27, 32, 33.

Policy provision limiting time within which action may be brought
on the policy as applicable to tort action by insured against
insurer. 66 ALR4th 859.

summary disposition as to plaintiff's claim of fraud and misrepresentation which was premised on the ground that plaintiff failed to state a claim on which relief could be granted. The claim is not so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery.

3. The court properly denied defendants' motion for summary disposition as to plaintiff's fraud claim, which they contended was actually a contract action which should have been barred by the statute of limitations. Plaintiff's fraud count was not an action on the insurance policy. It was an action in tort that arose when the fraud was perpetrated and is governed by the statute of limitations applicable to fraud claims.

4. Plaintiff's allegations that the defendants and their agents deprived him of the full and equal enjoyment of his fire insurance policy because of his national origin stated a cause of action under the Civil Rights Act. The fact that defendants' actions also fall within the scope of the Uniform Trade Practices Act does not prohibit plaintiff's cause of action under the Civil Rights Act. The trial court properly denied defendants' motion for summary disposition as to plaintiff's civil rights claim.

5. The trial court did not err in ruling that summary disposition pursuant to MCR 2.116(C)(10) was premature as to plaintiff's allegation that the denial of his claim was based on his national origin. No discovery had taken place when the motion was made.

Affirmed in part, reversed in part, and remanded.

DANHOF, C.J., dissented as to the majority's conclusion that defendants Metropolitan Adjustment and Honeyman could be liable under the Civil Rights Act. He would find that plaintiff's cause of action under the Civil Rights Act as to those defendants is prohibited.

1. INSURANCE — NOTICE OF CLAIM — LIMITATION OF ACTIONS.

An insured must strictly comply with time periods set out in an insurance policy for filing notice of a claim and proof of loss; the limitation period is, however, tolled from the date that the insured gives notice of the loss until liability is formally denied by the insurer.

2. LIMITATION OF ACTIONS — DEFENSES — ESTOPPEL.

A plaintiff, in order to avoid a statute of limitations defense using an estoppel theory, must allege action by the defendant, such as concealment of a cause of action, misrepresentation as to the time in which an action may be brought, or inducement to refrain from bringing an action.

3. FRAUD — MISREPRESENTATION — EVIDENCE.

A plaintiff in order to prove actionable fraud or misrepresentation must show (1) that the defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the plaintiff; (5) that the plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.

4. FRAUD — MISTAKE — PLEADING.

A plaintiff alleging fraud or mistake must do so with sufficient particularity to apprise the opposite party of the nature of the case he must prepare to defend.

5. INSURANCE — LIMITATION OF ACTIONS — CONTRACTS — FRAUD — NEGLIGENCE.

Where fraud and negligence claims are pled as causes of action separate and distinct from an alleged breach of a contract of insurance, they are governed by applicable statutory limitations, rather than by limitation provisions contained in the contract.

6. CIVIL RIGHTS — INSURANCE COMPANIES — PLACES OF PUBLIC ACCOMMODATION.

An insurance company whose services are extended, offered, sold, or otherwise made available to the public is a place of public accommodation subject to the Civil Rights Act (MCL 37.2101 *et seq.*; MSA 3.548[101] *et seq.*).

7. MOTIONS AND ORDERS — SUMMARY DISPOSITION.

Summary disposition generally is premature if it is granted before discovery on a disputed issue is complete; it may be appropriate, however, if further discovery does not stand a fair chance of uncovering factual support for the opposing party's position.

*Barr & Arsenault* (by *Charles J. Barr* and *Bodo Schimers*), for plaintiff.

*Patterson, Phifer & Phillips, P.C.* (by *Nancy M. Rade* and *Michael D. Patterson*), for defendant.

Before: DANHOF, C.J., and MURPHY and T. M. BURNS,* JJ.

T. M. BURNS, J. Defendants appeal by leave granted the trial court's denial of their motion for summary disposition. On appeal, defendant Michigan Basic Property Insurance Association (Michigan Basic) contends the trial court erred in concluding that plaintiff's breach of contract and fraud claims were not barred by the statute of limitations and that plaintiff had failed to state a claim upon which relief could be granted in alleging fraud and misrepresentation. In addition, defendants claim the trial court erred in not granting, pursuant to MCR 2.116(C)(8) and (10), summary disposition of plaintiff's civil rights claim. We affirm in part and reverse in part.

Plaintiff's business, Auto Electric Repair & Service, was insured through a fire insurance policy issued by Michigan Basic in 1978. On August 30, 1986, the business sustained significant fire damage. On September 4, 1986, plaintiff filed a claim of loss with Michigan Basic for $75,000, the policy limit. Michigan Basic denied plaintiff's claim on March 13, 1987, based, in part, on its belief that plaintiff, or persons in privity with plaintiff, set the fire and that plaintiff subjected the property to an increase of hazard. More than one year later, on March 25, 1988, plaintiff filed this action against Michigan Basic, Metropolitan Adjustment & Investigation Company (Metropolitan), and attorney John Honeyman. In his complaint, plaintiff alleged that Michigan Basic breached the insurance contract and made fraudulent misrepresentations to plaintiff in selling him the insurance policy. Plaintiff also alleged that all three defen-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

dants violated the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.,* and that the defendants failed to investigate plaintiff's claim in good faith. Plaintiff sought to depose Michigan Basic's claims manager, but before the deposition was taken, defendants moved for summary disposition on the grounds that plaintiff's breach of contract claim was barred by the one-year statute of limitations; that plaintiff's allegations of fraud were merely a contract claim in disguise and, thus, also were time-barred; and that plaintiff's allegations were insufficient to support a civil rights claim against them. In addition, defendants Metropolitan and Honeyman contended that summary disposition was proper as to them, because they did not have authority to deny liability and because they did not offer services to the general public or to plaintiff so as to come within the ambit of the Civil Rights Act. The trial court withheld decision on defendants' motion, and plaintiff filed a first amended complaint, in which he added a count alleging innocent misrepresentation. When the trial court reconsidered defendants' motion, it declined to grant summary disposition on any of the grounds raised before discovery was complete, but dismissed without prejudice the count alleging a failure to investigate in good faith.

First, Michigan Basic contends the trial court erred in concluding that plaintiff's breach of contract claim was not barred by the statute of limitations and, therefore, in denying its motion for summary disposition pursuant to MCR 2.116(C)(7).

When reviewing a motion for summary disposition brought pursuant to MCR 2.116(C)(7), we accept the plaintiff's well-pled allegations as true and construe them in the plaintiff's favor. *Male v Mayotte, Crouse & D'Haene Architects, Inc,* 163 Mich App 165, 168; 413 NW2d 698 (1987), lv den

429 Mich 901 (1988). If there are no facts in dispute, the issue whether the claim is statutorily barred is one of law for the court. *Executone Business Systems Corp v IPC Communications, Inc,* 177 Mich App 660, 665; 442 NW2d 755 (1989).

MCL 500.2806; MSA 24.12806 makes mandatory the inclusion of the following provision in fire insurance policies:

> No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss. [MCL 500.2832; MSA 24.12832, lines 157-161.]

Plaintiff's loss occurred, and the period of limitation began to run, on August 30, 1986, the date of the fire. The limitation period was tolled five days later, on September 4, 1986, when plaintiff filed his claim of loss, and it began to run again on March 13, 1987, when plaintiff's claim was rejected by Michigan Basic. See *In re Certified Question, Ford Motor Co v Lumbermens Mutual Casualty Co,* 413 Mich 22, 38; 319 NW2d 320 (1982); *Aldalali v Underwriters at Lloyd's, London,* 174 Mich App 395, 399; 435 NW2d 498 (1989). Plaintiff's original complaint was filed in the circuit court on March 25, 1988, more than twelve months after rejection of his claim. Therefore, the statute of limitations barred plaintiff's suit on the policy itself.

Plaintiff argues that, because of his claim of fraud and the lack of discovery, the doctrine of equitable estoppel should be applied to prevent Michigan Basic from raising its statute of limitations defense. To avoid a statute of limitations defense under an estoppel theory, a plaintiff must allege actions by the defendant such as conceal-

ment of action, misrepresentation as to the time in which an action may be brought, or inducement to refrain from bringing an action. *Compton v Michigan Millers Mutual Ins Co,* 150 Mich App 454, 458; 389 NW2d 111 (1986), lv den 425 Mich 885 (1986). In *Lothian v Detroit,* 414 Mich 160, 177; 324 NW2d 9 (1982), our Supreme Court acknowledged its reluctance to recognize an estoppel in the absence of conduct clearly designed to induce the plaintiff to refrain from bringing an action within the statutory period.

The fraud alleged by plaintiff in his complaint was associated with Michigan Basic's sale of the insurance policy. Plaintiff has not alleged acts, fraudulent or otherwise, by Michigan Basic which were designed to induce plaintiff to refrain from bringing his action within the twelve months following the rejection of his claim. Therefore, plaintiff cannot rely on equitable estoppel to avoid the statute of limitations defense. Moreover, plaintiff does not dispute those facts material to Michigan Basic's statute of limitations defense. The trial court erred in not granting Michigan Basic's summary disposition motion as to plaintiff's breach of contract claim.

Second, Michigan Basic contends the trial court erred in denying summary disposition of plaintiff's claim of fraud and misrepresentation, Count II of the first amended complaint, under MCR 2.116(C) (7) and (8). Summary disposition of a claim may be granted on the ground that the plaintiff "has failed to state a claim on which relief can be granted." MCR 2.116(C)(8). A motion based on MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. *Ashworth v Jefferson Screw Products, Inc,* 176 Mich App 737, 741; 440 NW2d 101 (1989), lv den 433 Mich 873 (1989). All factual allegations in support of the claim are

accepted as true, as well as all inferences which can be fairly drawn from those facts. *Id.* The motion should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery. *Scameheorn v Bucks,* 167 Mich App 302, 306; 421 NW2d 918 (1988), lv den 430 Mich 886 (1988).

The elements constituting actionable fraud or misrepresentation are:

> (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. [*Dumas v Auto Club Ins Ass'n,* 168 Mich App 619, 636; 425 NW2d 480 (1988), quoting *Candler v Heigho,* 208 Mich 115, 121; 175 NW 141 (1919).]

MCR 2.112(B) provides that, in a complaint alleging fraud or mistake, the circumstances constituting the fraud or mistake must be stated with particularity, while general allegations of intent and knowledge are sufficient.

Our review of Count II, in context with the general allegations and Count I of the first amended complaint, persuades us that plaintiff has alleged the circumstances of the fraud or misrepresentation "with sufficient particularity to apprise the opposite party of the nature of the case he must prepare to defend." 1 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), Rule 2.112, p 242; see also MCR 2.111(B)(1). Plaintiff stated a viable cause of action by alleging defendant Michigan Basic knowingly made false repre-

sentations to plaintiff that it intended to pay for fire damage to the business property should it occur, and plaintiff relied upon the false representation and suffered damages as a result. Because the claim is not so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery, the trial court properly denied summary disposition under MCR 2.116(C)(8).

Defendants also argue that Count II should have been dismissed under MCR 2.116(C)(7), because plaintiff's fraud claim was actually a contract action made under the guise of fraud and properly barred by the statute of limitations. However, where a fraud claim is pleaded as a cause of action separate and distinct from an alleged breach of contract, the fraud claim should be governed by the applicable statute of limitations, rather than by the limitations provided in the insurance contract. *Hearn v Rickenbacker,* 428 Mich 32, 35-36; 400 NW2d 90 (1987). As in *Hearn,* plaintiff's fraud count was not an action "on this policy" as stated in the limitations provision of plaintiff's fire insurance policy.[1] "An action for fraud is not an action on the policy; it is an action in tort that arose when the fraud was perpetrated." *Id.* at 39. Plaintiff did not allege fraud associated with nonpayment of his claim, but rather with the representations made to him when he entered into the insurance contract, at a time prior to the fire loss. The trial court did not err in refusing to grant summary disposition on Count II pursuant to MCR 2.116(C)(7).

Third, defendants contend the trial court erred

---

[1] In their brief on appeal, defendants acknowledge that the fire insurance policy issued to plaintiff included the statute of limitations provision in MCL 500.2832; MSA 24.12832, lines 157-161, discussed in regard to defendant's first issue.

in not granting them summary disposition as a matter of law, under MCR 2.116(C)(8), on plaintiff's claim that defendants violated the Civil Rights Act. MCL 37.2302(a); MSA 3.548(302)(a) provides:

> Except where permitted by law, a person shall not:
> (a) Deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service because of religion, race, color, national origin, age, sex, or marital status.

As defined in the act, a "person" includes "an individual, agent, association, corporation, . . . legal representative . . . or any other legal or commercial entity." MCL 37.2103(f); MSA 3.548(103)(f). In addition, MCL 37.2301(a); MSA 3.548(301)(a) provides:

> "Place of public accommodation" means a business, or an educational, refreshment, entertainment, recreation, health, or transportation facility, or institution of any kind, whether licensed or not, whose goods, services, facilities, privileges, advantages, or accommodations are extended, offered, sold, or otherwise made available to the public.

Defendant Michigan Basic is a business whose goods and services are extended, offered, sold or otherwise made available to the public. As such, it is a place of public accommodation under the Civil Rights Act. Our conclusion is consistent with this Court's decision in *Ledsinger v Burmeister,* 114 Mich App 12, 22-23; 318 NW2d 558 (1982), that a retail merchant is subject to the public accommodations and services article of the act. Plaintiff's first amended complaint alleged that defendants, their agents, representatives and employees evalu-

ated and rejected plaintiff's claim of loss because of his national origin. Defendants Metropolitan and Honeyman come within the definition of person under MCL 37.2103(f); MSA 3.548(103)(f). Thus, plaintiff's allegations, that the defendants and their agents deprived him of the full and equal enjoyment of his fire insurance policy because of his national origin, stated a cause of action under the Civil Rights Act. We are not persuaded by defendants' argument that, because their actions also fall within the scope of the Uniform Trade Practices Act, MCL 500.2001 *et seq.*; MSA 24.12001 *et seq.*, plaintiff's cause of action under the Civil Rights Act is prohibited.

Finally, defendants contend they are entitled to summary disposition pursuant to MCR 2.116(C)(10) because plaintiff failed to produce any support, by affidavit or other evidence, for his allegation that the denial of his claim was based on his national origin. Generally, summary disposition is premature if it is granted before discovery on a disputed issue is complete. *Dep't of Social Services v Aetna Casualty & Surety Co,* 177 Mich App 440, 446; 443 NW2d 420 (1989); *Kortas v Thunderbowl & Lounge,* 120 Mich App 84, 87; 327 NW2d 401 (1982). However, summary disposition may be appropriate before discovery is complete, if further discovery does not stand a fair chance of uncovering factual support for the opposing party's position. *Neumann v State Farm Mutual Automobile Ins Co,* 180 Mich App 479, 485; 447 NW2d 786 (1989); *Goldman v Loubella Extendables,* 91 Mich App 212, 217; 283 NW2d 695 (1979), lv den 407 Mich 901 (1979).

The trial court concluded that summary disposition pursuant to MCR 2.116(C)(10) was premature. No discovery had taken place when defendants' summary disposition motion was first argued on

July 8, 1988, and when it was reconsidered on September 9, 1988. Although we acknowledge defendants' concern that plaintiff support his allegations, we are not persuaded the trial court erred in ruling that summary disposition was premature under the circumstances of this case.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

MURPHY, J., concurred.

DANHOF, C.J. *(concurring in part and dissenting in part)*. I agree with the majority's conclusion that the trial court erred in denying defendants' motion for summary disposition as to plaintiff's breach of contract claim and that the trial court properly denied summary disposition on the fraud and misrepresentation claims. I also agree that defendant Michigan Basic Property Insurance Association may be a "place of accommodation" under the Civil Rights Act. I dissent, however, from the majority's conclusion that defendants Metropolitan Adjustment and Honeyman could be liable under the act. In moving for summary disposition, defendants brought forth affidavits stating that Michigan Basic and their agents knew nothing about plaintiff's ethnic origin and that whatever his origin was, it had nothing to do with their decision. Moreover, the affidavits set forth that neither Metropolitan Adjustment nor Honeyman had the authority to deny plaintiff's claim on behalf of Michigan Basic. Once defendants identified by supporting affidavits those facts which they believed could not be genuinely disputed, plaintiff had the burden of showing that a genuine issue of disputed fact existed. *Dumas v Auto Club Ins Ass'n,* 168 Mich App 619, 626; 425 NW2d 480

(1988). Plaintiff has not, by affidavit or other documentary evidence, set forth specific facts showing there is a genuine issue of fact whether defendants Metropolitan Adjustment and Honeyman were aware of plaintiff's national origin or had the requisite authority to deny defendants' claims. MCR 2.116(G)(4); *Metropolitan Life Ins Co v Reist,* 167 Mich App 112, 118; 421 NW2d 592 (1988), lv den 431 Mich 877 (1988). Accordingly, I would find that plaintiff's cause of action under the Civil Rights Act as to defendants Metropolitan Adjustment and Honeyman is prohibited.