DEPARTMENT OF SOCIAL SERVICES v AETNA CASUALTY &
SURETY COMPANY

Docket No. 106677. Submitted December 21, 1988, at Lansing. Decided June 6, 1989.

The Department of Social Services leased office space from Oakman Grand Associates. As part of the lease agreement, Oakman agreed to purchase liability insurance naming DSS as an additional insured party. This liability insurance was subsequently purchased from Aetna Casualty & Surety Company and provided that Aetna would defend and indemnify DSS for bodily injury and property damage claims against DSS except where the injury or damage resulted from the "sole negligence of the state." Anita Ray was injured when she slipped and fell at the DSS office. She sued the DSS and Oakman, alleging that the cause of her injury was a wet substance on the floor of the office waiting room. The jury found no cause for action against Oakman. However, the judge found DSS liable for Mrs. Ray's injury due to its failure to warn visitors of the probable presence of spills in the office. This Court affirmed liability against DSS, but remanded for a reconsideration of damages, *Ray v Dep't of Social Services*, 156 Mich App 55 (1986), lv den 428 Mich 891 (1987). Dss brought an action against Aetna in the Ingham Circuit Court to declare that Aetna must defend DSS. In an order issued May 1, 1985, the Ingham Circuit Court held that Aetna had a duty to defend DSS in the negligence action. However, in a declaratory judgment issued July 25, 1985, it determined that Aetna did not have a duty to indemnify DSS for Mrs. Ray's judgment against DSS. The Court of Appeals subsequently issued an opinion and order reversing the declaratory judgment, *Michigan Dep't of Social Services v Aetna Casualty & Surety Co,* unpublished per curiam, decided January 29, 1987 (Docket No. 87171), holding that summary disposition in favor of Aetna was improper because Aetna had not carried its burden of demonstrating that the policy exclusion applied in this case. Under the exclusion, Aetna would be relieved of its

REFERENCES

Am Jur 2d, Summary Judgment §§ 26-36.

See the Index to Annotations under Summary Judgment.

duty to pay DSS only if DSS was proven to be "solely negligent." The Court held that the phrase "sole negligence" meant one hundred percent negligence. On remand, the Ingham Circuit Court, Lawrence M. Glazer, J., granted summary disposition in favor of DSS, entitling it to indemnification because, as a matter of law, Aetna would not be able to prove that DSS was in fact solely negligent in causing Mrs. Ray's injury. Defendant appealed.

The Court of Appeals *held:*

1. A motion for summary judgment for lack of a genuine issue of material fact tests the factual support for the plaintiff's claim; the trial court must consider the affidavits, pleadings, depositions, admissions and documentary evidence and, if the kind of record which might be developed, giving the benefit of reasonable doubt to the opposing party, would leave open an issue upon which reasonable minds might differ, the motion should be denied. The party opposing a motion for summary disposition on the basis that there exists no genuine issue of material fact may not rest upon the mere allegations or denial in the pleadings, but must, by affidavits or as otherwise provided in the court rules, set forth specific facts showing that there is a genuine issue for trial. Aetna's responses to discovery requests filed by the DSS after remand clearly indicate a lack of specific facts or documentary evidence in support of its position that DSS was one hundred percent negligent.

2. The fact that discovery had not been completed is immaterial, since defendant had been involved in the action for approximately three years and the record does not disclose a real possibility that defendant could ever meet its burden.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY DISPOSITION — ISSUE OF MATERIAL FACT.

A motion for summary judgment for lack of a genuine issue of material fact tests the factual support for the plaintiff's claim; the trial court must consider the affidavits, pleadings, depositions, admissions and documentary evidence and, if the kind of record which might be developed, giving the benefit of reasonable doubt to the opposing party, would leave open an issue upon which reasonable minds might differ, the motion should be denied (MCR 2.116[C][10], 2.116[G][5]).

2. MOTIONS AND ORDERS — SUMMARY DISPOSITION — ISSUE OF MATERIAL FACT — AFFIDAVITS.

The party opposing a motion for summary disposition on the basis that there exists no genuine issue of material fact may

not rest upon the mere allegations or denial in the pleadings, but must, by affidavits or as otherwise provided in the court rules, set forth specific facts showing that there is a genuine issue for trial (MCR 2.116[C][10], 2.116[G][4]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Stephen H. Garrard,* Assistant Attorney General, for the plaintiff.

*Collins, Einhorn & Farrell, P.C.* (by *Brian Einhorn* and *Noreen L. Slank*), for defendant.

Before: MICHAEL J. KELLY, P.J., and GRIBBS and V. L. WASHINGTON,* JJ.

V. L. WASHINGTON, J. Defendant appeals as of right from a January 29, 1988, order of the Ingham Circuit Court, sitting as the Court of Claims, which granted plaintiff's motion for summary disposition entitling plaintiff to indemnity for a judgment in the amount of $73,459.38 entered against it in an underlying negligence action. We affirm.

The Michigan Department of Social Services leased office space from Oakman Grand Associates in Detroit, Michigan. As part of the lease agreement, Oakman agreed to purchase liability insurance naming DSS as an additional insured party. This liability insurance was subsequently purchased from Aetna Casualty & Surety Company and provided that Aetna would defend and indemnify DSS for bodily injury and property damage claims against DSS, subject to the following exclusion:

This insurance does not apply or shall not be construed as being applicable to liability for damages arising out of bodily injury to any person or damage to property of others resulting from the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sole negligence of the state, its officers, employees or agents.

On August 23, 1979, Anita Ray was injured when she slipped and fell at the DSS office. She sued the DSS and Oakman, alleging that the cause of her injury was a wet substance on the floor of the office waiting room. In December, 1984, a jury trial was held in Wayne Circuit Court, with the jury deciding the claim relating to Oakman and Judge Edward M. Thomas, sitting as the Court of Claims, deciding the claim relating to DSS. The jury found no cause for action against Oakman. However, Judge Thomas found DSS liable for Mrs. Ray's injury due to its failure to warn visitors of the probable presence of spills in the office. This Court affirmed liability against DSS, but remanded for a reconsideration of damages. See *Ray v Dep't of Social Services,* 156 Mich App 55; 401 NW2d 307 (1986), lv den 428 Mich 891 (1987).

Aetna did not defend DSS at trial, although DSS requested Aetna to do so in a declaratory action brought prior to trial. In an order issued May 1, 1985, Ingham Circuit Judge Robert Holmes Bell held that Aetna had a duty to defend DSS in the negligence action. However, in a declaratory judgment issued July 25, 1985, Judge Bell determined that Aetna did not have a duty to indemnify DSS for Mrs. Ray's judgment against DSS.

This Court subsequently issued an opinion and order reversing Judge Bell's declaratory judgment. *Michigan Dep't of Social Services v Aetna Casualty & Surety Co,* unpublished opinion per curiam of the Court of Appeals, decided January 29, 1987 (Docket No. 87171). This Court stated that summary disposition in favor of Aetna was improper because Aetna had not carried its burden of demonstrating that the policy exclusion applied in this

case. Under the exclusion, Aetna would be relieved of its duty to pay DSS only if DSS was proven to be "solely negligent." This Court agreed with case law which considered the phrase "sole negligence" to mean one hundred percent negligence. This Court then held that Aetna would have no duty to pay DSS only if Mrs. Ray's injuries resulted one hundred percent from DSS's negligence. This Court noted that, in the underlying action against DSS, Judge Thomas did not hold that DSS's negligence was the *only* cause; rather, Judge Thomas' decision was made only as a Court of Claims judge deciding against a single defendant, DSS, and the issue of whether anyone else was negligent was not before him.

On remand, the Ingham Circuit Court, Lawrence M. Glazer, J., granted summary disposition in favor of DSS, entitling it to indemnification because, as a matter of law, Aetna would not be able to prove that DSS was in fact solely negligent in causing Mrs. Ray's injury.

On appeal, Aetna claims that Judge Glazer erred in granting summary disposition in favor of DSS because an issue of material fact existed as to whether Aetna could prove sole negligence on the part of DSS. We disagree.

Dss's motion for summary disposition was brought pursuant to MCR 2.116(C)(10). The standard for this Court's review of such a motion was concisely set forth in *W B Cenac Medical Service, PC v Michigan Physicians Mutual Liability Co,* 174 Mich App 676, 681; 436 NW2d 430 (1989):

A motion for summary disposition brought under MCR 2.116(C)(10), based on the lack of a genuine issue of material fact, tests whether there is factual support for the claim. In ruling on the motion, the trial court must consider the affidavits,

pleadings, depositions, admissions and other documentary evidence submitted by the parties. MCR 2.116(G)(5). The opposing party must show that a genuine issue of fact exists. Giving the benefit of all reasonable doubt to the opposing party, the trial court must determine whether the kind of record that might be developed would leave open an issue upon which reasonable minds could differ. *Weeks v Bd of Trustees, City of Detroit General Retirement System,* 160 Mich App 81, 84; 408 NW2d 109 (1987). A reviewing court should be liberal in finding that a genuine issue of material fact exists. *Rizzo v Kretschmer,* 398 Mich 363, 372; 207 NW2d 316 (1973). A court must be satisfied that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome. *Rizzo, supra* at 371.

The party opposing a motion for summary disposition has the burden of showing that a genuine issue of disputed fact exists. *Fulton v Pontiac General Hospital,* 160 Mich App 728, 735; 408 NW2d 536 (1987). The opposing party may not rest upon mere allegations or denials in the pleadings but must, by affidavit or other documentary evidence, set forth specific facts showing that there is a genuine issue for trial. MCR 2.116(G)(4). Should the opposing party fail to make such a showing, summary disposition is appropriate. *Fulton, supra* at 375-376; *Rizzo, supra* at 372. [*Metropolitan Life Ins Co v Reist,* 167 Mich App 112, 118-119; 421 NW2d 592 (1988), lv den 431 Mich 876 (1988).]

In the instant case, Aetna had the heavy burden of proving that DSS was one hundred negligent with respect to Mrs. Ray's injuries—that there were no concurrent proximate causes. At the very least, this obligation included production of evidence from which it could be inferred that the wet substance on the floor of the waiting room resulted from the negligence of DSS, a DSS employee, or someone within the control of DSS. However, to establish that DSS was solely negligent, the even

heavier burden was on Aetna to prove that a client or some other non-DSS employee did not spill the wet substance or assist in causing it. Aetna's responses to discovery requests filed by DSS after remand clearly indicate a lack of specific facts or documentary evidence in support of its position. Rather, Aetna's responses merely refer to the *possibility* that DSS was negligent as to causing the wet substance's presence on the floor. As previously noted, mere allegations or speculation that evidence may be forthcoming is not enough to establish an issue of material fact. MCR 2.116(G)(4).

Moreover, the record does not disclose any real possibility that Aetna would provide such factual support. Specifically, the record establishes that between 250 and 500 clients passed through the waiting room on the day Mrs. Ray was injured. Since clients were permitted by custom to bring food and beverages to the office, the burden of overcoming the reasonable inference that one of these clients was responsible for the wet substance, particularly eight years later, must be considered a deficiency which could not be rectified. Consequently, the trial court's grant of summary disposition to DSS was not an abuse of discretion.

Our conclusion is not affected by Aetna's assertion that discovery was still pending. As a general rule, summary disposition is premature if granted before discovery on a disputed issue is complete. *Dingeman v Reffitt,* 152 Mich App 350, 358-359; 393 NW2d 632 (1986). The question is whether further discovery stands a fair chance of uncovering factual support for the opposing party's position. *Mowery v Crittenton Hospital,* 155 Mich App 711, 716; 400 NW2d 633 (1986).

MCR 2.301(A) clearly envisions that discovery should be completed within one year. It is undisputed that the denial of further discovery is within the trial court's discretion. *Masters v City of Highland Park,* 97 Mich App 56, 60; 294 NW2d 246 (1980), lv den 409 Mich 937 (1980). In the instant case, Aetna had been involved in the action for approximately three years prior to plaintiff's filing of its final motion for summary disposition. Significantly, Aetna was made aware of its burden with respect to the sole negligence issue as of the date of this Court's remand order—exactly one year prior to Judge Glazer's grant of summary disposition. We find that a sufficient period of time for discovery occurred. It does not appear that further discovery would uncover facts supportive of Aetna's heavy burden of proof.

Affirmed.