Docket No. 2-03-0556, Westfield National Insurance Company v. Long

No. 2--03--0556

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

WESTFIELD NATIONAL INSURANCE     ) Appeal from the Circuit Court of

COMPANY and WESTFIELD INSURANCE
   
) Du Page County.

COMPANY,     )

)

Plaintiffs-Appellees,     )

v.     ) No. 02--MR--817

)

ROBERT LONG,     )

)

Defendant-Appellant     ) 

     ) Honorable

(Janice Aeschliman, Adm'r of the Estate of     ) Bonnie M. Wheaton,

Sara L. Aeschliman, Defendant).     ) Judge, Presiding.

______________________________________________________________________________

JUSTICE KAPALA delivered the opinion of the court:

Defendant, Robert Long, appeals from an order of the circuit court of Du Page County granting judgment on the pleadings (735 ILCS 5/2--615(e) (West 2002)) in favor of plaintiffs, Westfield National Insurance Company and Westfield Insurance Company.  Plaintiffs filed this suit against defendant, their insured, for a declaration (see 735 ILCS 5/2--701 (West 2002)) that they have no duty to defend or indemnify him in an underlying suit alleging defendant's liability under the  Drug Dealer Liability Act (the Act) (740 ILCS 57/5 
et
 
seq
. (West 2002)).  We affirm.

FACTS

On May 13, 2002, Janice Aeschlimann (Janice), the plaintiff in the underlying suit, filed a first amended complaint (the Aeschlimann complaint) against defendant and others for acts that led to the death of Sara L. Aeschlimann (Sara), Janice's daughter.  The Aeschlimann complaint alleged that on May 14, 2000, Garrett Harth (Harth) placed a methamphetamine drug in Sara's drink, causing a toxic overdose that caused her death.  Count VII of the Aeschlimann complaint was directed against defendant and alleged that defendant "knowingly participated in the chain of distribution of an illegal drug that was actually digested by the [p]laintiff's decedent, Sara L. Aeschlimann."  Upon being sued, defendant tendered the suit to plaintiffs for defense and indemnification.  Westfield National Insurance Company insured defendant under a homeowner's policy that was in effect at the time of Sara's death.  Westfield Insurance Company insured defendant under a personal umbrella policy, also in effect at the time of Sara's death.  Both policies contained the following exclusion:

"We do not provide coverage for: Bodily injury *** arising out of the use, sale, manufacture, delivery, transfer or possession by any person of a Controlled Substance(s) as defined by the Federal Food and Drug Law."

Plaintiffs filed their declaratory judgment suit on August 13, 2002, seeking a declaration that the above exclusion, among others enumerated in the policies, relieved them from their duty to defend or indemnify defendant.  After defendant filed an answer to the declaratory judgment complaint, plaintiffs filed a motion for judgment on the pleadings.  The trial court granted judgment on the pleadings on the basis of the drug exclusion, ruling that the allegations against defendant in the Aeschlimann complaint "fall squarely" within this exclusion.  Defendant filed a timely appeal.

DISCUSSION

A motion for judgment on the pleadings under section 2--615(e) of the Code of Civil Procedure (735 ILCS 5/2--615(e) (West 2000))
 
is like a motion for summary judgment limited to the pleadings.  
Employers Insurance of Wausau v. Ehlco Liquidating Trust
, 186 Ill. 2d 127, 138 (1999).  Judgment on the pleadings is proper if the admissions in the pleadings disclose that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  
Employers Insurance
, 186 Ill. 2d at 138.  For purposes of resolving the motion, the court must consider as admitted all well-pleaded facts set forth in the pleadings of the nonmoving party and the fair inferences drawn therefrom.  
Employers Insurance
, 186 Ill. 2d at 138.  The court must also examine the pleadings to determine whether an issue of material fact exists and, if not, determine whether the controversy can be resolved solely as a matter of law.  
Employers Insurance
, 186 Ill. 2d at 138.  Copies of written instruments attached to a pleading as an exhibit are considered a part of the pleading.  
Employers Insurance
, 186 Ill. 2d at 139.  Our review of the disposition of a case on judgment on the pleadings is 
de
 
novo
.  
Mount Vernon Fire Insurance Co. v. Heaven's Little Hands Day Care
, 343 Ill. App. 3d 309, 314 (2003).

Insurance policies are to be liberally construed in favor of coverage.  
Mount Vernon
, 343 Ill. App. 3d at 314.  The duty of an insurer to defend its insured is much broader than its duty to indemnify.  
Mount Vernon
, 343 Ill. App. 3d at 314.  When determining whether the insurer has a duty to defend, the court must compare the allegations contained in the underlying complaint to the language contained in the policy.  
Mount Vernon
, 343 Ill. App. 3d at 314.  An insurer has no duty to defend its insured if the underlying complaint alleges facts that, if true, would exempt the insured from coverage under the policy.  
American Family Mutual Insurance Co. v. Chiczewski
, 298 Ill. App. 3d 1092, 1094 (1998).

Defendant contends that the drug exclusion in the insurance policies does not apply because the allegations of the Aeschlimann complaint do not directly link defendant to the act that caused Sara's death.  The Aeschlimann complaint seeks to hold defendant liable in money damages under the Act.  One of the purposes of the Act is to provide a civil remedy for damages to persons in a community injured as a result of illegal drug use.  740 ILCS 57/5 (West 2002).  To foster this purpose, the legislature provided that "[a] person who knowingly participates in the illegal drug market within this State is liable for civil damages as provided in this Act."  740 ILCS 57/20(a) (West 2002).  The Act defines "illegal drug market" as "the support system of illegal drug related operations, from production to retail sales, through which an illegal drug reaches the user."  740 ILCS 57/15 (West 2002).  "Illegal drug" means a drug whose distribution is a violation of State law.  740 ILCS 57/15 (West 2002).  We are not called upon to decide whether defendant is liable under the Act, but whether he would potentially be covered by plaintiffs' insurance policies.  See 
Empire Fire & Marine Insurance Co. v. Clarendon Insurance Co.
, 267 Ill. App. 3d 1022,1026 (1994).

The Aeschlimann complaint alleges the following against defendant:

"2.  Defendant, Robert Long, knowingly distributed in the chain of distribution an illegal drug that was actually digested by the [p]laintiff's decedent, Sara L. Aeschlimann.

3.  Defendant, Robert Long, knowingly participated in the chain of distribution of an illegal drug that was actually digested by the [p]laintiff's decedent, Sara L. Aeschlimann."

The policies exclude coverage for bodily injury "arising out of the use, sale, manufacture, delivery, transfer or possession by any person of a Controlled Substance(s) as defined by the Federal Food and Drug Law."  The Aeschlimann complaint alleges distribution and participation in distribution, activities that clearly fall within the sale, delivery, transfer, or possession of methamphetamine, which defendant concedes is a controlled substance under the federal statute.  See 
United States v. Carlson
, 87 F.3d 440, 444-45 (11th
 Cir. 1996); 
United States v. Durham
, 941 F.2d 886, 888-89 (9th
 Cir. 1991).

No Illinois court has considered a similar policy drug exclusion.  In 
Prudential Property & Casualty Insurance Co. v. Brenner
, 350 N.J. Super. 316, 795 A.2d 286 (2002), the New Jersey appellate court construed a drug exclusion that is similar to the exclusion in our case.  The facts in 
Brenner
, however, are distinguishable.  There, Brenner and his cohorts went to the home of a marijuana dealer with the express purpose of acquiring marijuana, either for free or by theft.  
Brenner
, 350 N.J. Super. at 319-20, 795 A.2d at 287-88.  During the attempt to obtain the marijuana, one of Brenner's companions shot and killed the drug dealer.  
Brenner
, 350 N.J. Super. at 320, 795 A.2d at 288.  The drug dealer's mother commenced a wrongful death suit against Brenner and the others involved.  
Brenner
, 350 N.J. Super. at 318, 795 A.2d at 287.  Brenner was insured under a Prudential policy, and Prudential sought a declaration that the drug exclusion excluded coverage of the shooting incident.  
Brenner
, 350 N.J. Super. at 320-21, 795 A.2d at 288.  The court held that the language of the exclusion was clear and unambiguous, saying that coverage is excluded for injuries "which arise out of, are connected with, or are incident to the use and possession of illicit drugs."  
Brenner
, 350 N.J. Super. at 322, 795 A.2d at 289.  The court  held that even the 
attempt
 to gain illegal drugs was excluded from coverage because Brenner's actions were wholly focused on the use and possession of illicit drugs, and it is this activity which the exclusion clearly and expressly addresses.  
Brenner
, 350 N.J. Super. at 322, 795 A.2d at 289.  In contrast, defendant's actions in our case are alleged to have been focused directly on the distribution of illegal drugs, which clearly falls within the language "sale, delivery, transfer, or possession" found in the exclusion in plaintiffs' policies.

Defendant next contends that the phrase in the exclusion, "arising out of," is vague and ambiguous and should be construed in favor of coverage.  Defendant relies on 
Maryland Casualty Co. v. Chicago & North Western Transportation Co.
, 126 Ill. App. 3d 150, 154 (1984), for the proposition that the phrase "arising out of" in an insurance policy is both broad and vague and must be liberally construed in favor of the insured.  Plaintiffs dispute this application to the present facts and argue that the logic employed by 
Maryland
, which involved construction of a policy that granted coverage, is not applicable when construing the language of an exclusion.  In 
Allstate Insurance Co. v. Smiley
, 276 Ill. App. 3d 971, 978 (1995), we interpreted the phrase "arising out of" when used in an exclusionary clause of an insurance policy and held that the phrase is not ambiguous as a matter of law but should be given a limited interpretation in favor of the insured.  We defined the phrase to mean " '[t]o spring up, originate ***' [citation], or 'to come into being,' 'to come about: come up: take place' [citation]."  
Smiley
, 276 Ill. App. 3d at 978.  Applying our definitions in 
Smiley
, it is clear that Sara's death arose out of the sale, delivery, transfer, or possession of methamphetamine.  
The only activity alleged against defendant in the Aeschlimann complaint is his distribution of the illegal drug.  Accordingly, the trial court properly granted judgment on the pleadings.

Affirmed.

Affirmed.

BYRNE and GILLERAN JOHNSON, JJ., concur.