No. 2--05--0934

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| L.J. DODD CONSTRUCTION, INC., and WEST BEND MUTUAL INSURANCE COMPANY, | ) ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 04--MR--211 |
| FEDERATED MUTUAL INSURANCE COMPANY, | ) ) ) ) | |
| Defendant-Appellee | ) ) | |
| (Cannonball Mechanical Corporation and Litgen Concrete and Coring Company, Defendants). | ) ) ) | Honorable Michael J. Colwell, Judge, Presiding. |

_____

JUSTICE O'MALLEY delivered the opinion of the court:

Plaintiffs, L.J. Dodd Construction, Inc. (Dodd), and West Bend Mutual Insurance Co. (West Bend), sued defendants, Federated Mutual Insurance Co. (Federated), Cannonball Mechanical Corp. (Cannonball), and Litgen Concrete & Coring Co. (Litgen), seeking a determination that Federated was obligated to defend Dodd against a negligence suit. According to the relevant insurance policy, Dodd was not covered for liability arising from

Dodd's "sole negligence." The trial court determined that there was no duty to defend, and, accordingly, it granted summary judgment for Federated.[1] Plaintiffs appeal, and we affirm.

The relevant facts are undisputed. Dodd was the general contractor on a construction project, and Dodd hired Cannonball to do work on that project. As part of the agreement between Dodd and Cannonball, Cannonball named Dodd as an additional insured under a policy that Cannonball had with Federated (the Policy).[2] Under the Policy, Dodd was not covered if liability resulted from Dodd's "sole negligence." In addition, there was no coverage unless "liability [arose] out of [Cannonball's] ongoing operations performed for [Dodd]."

Cannonball hired Litgen to do work on Dodd's project. While at the construction site, one of Litgen's employees, James Daniels, was allegedly injured. Daniels sued Dodd,

---

[1]Cannonball and Litgen declined to participate in the proceedings that led to the granting of summary judgment.

[2]Dodd was also covered under a policy with West Bend.

claiming that the alleged injury occurred when one of Dodd's employees negligently ran over Daniels with a forklift. In his complaint against Dodd, Daniels alleged only negligence and alleged it only against Dodd. Daniels did not mention Cannonball.

Dodd filed a third-party complaint against Cannonball and tendered defense of Daniels' suit to Federated. Thereafter, plaintiffs sued for a declaratory judgment against defendants, seeking a determination that Federated was required to defend Dodd against Daniels' suit. Plaintiffs then moved for summary judgment, arguing that: (1) according to Daniels' complaint, Daniels' injury arose out of Cannonball's ongoing operations for Dodd; (2) because it was possible that someone or something besides Dodd was responsible for Daniels' injury, the Policy's "sole negligence" coverage exclusion did not apply; and (3) even assuming the allegations of Daniels' complaint were not sufficient to establish a duty to defend, Federated knew of additional "true but unpleaded" facts that were. In response, Federated filed a cross-motion for summary judgment. The trial court granted that motion and denied plaintiffs' motion. Plaintiffs appeal.

We begin with the standard of review. Summary judgment is an important and expeditious means of disposing of a lawsuit. See Adams v. Northern Illinois Gas Co., 211 Ill. 2d 32, 43 (2004). However, summary judgment is also a drastic measure, and, therefore, it should be allowed only when the right of the moving party is clear and free from doubt. Adams, 211 Ill. 2d at 43. Summary judgment is appropriate when the pleadings, depositions, admissions, and affidavits on file establish that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. See Chatham Foot Specialists, P.C. v. Health Care Service Corp., 216 Ill. 2d 366, 376 2005. We review de novo the trial court s decision on a motion for summary judgment. Progressive

*Universal Insurance Co. of Illinois v. Liberty Mutual Fire Insurance Co.*, 215 Ill. 2d 121, 128 2005 .

Here, plaintiffs claim that, under the Policy, Federated has a duty to defend Dodd against Daniels' suit. To determine whether this is so, we must compare the allegations of the underlying complaint to the terms of the Policy. *Valley Forge Insurance Co. v. Swiderski Electronics, Inc.*, 359 Ill. App. 3d 872, 884 2005 . *If the complaint does not state facts that bring the case within or potentially within coverage, then there is no duty to defend.* See Standard Mutual Insurance Co. v. Mudron, 358 Ill. App. 3d 535, 537 (2005). Although low, this threshold is not nonexistent: an insurer may justifiably refuse to defend against the underlying action if the complaint clearly does not allege facts potentially within coverage. See United Services Automobile Ass'n v. Dare, 357 Ill. App. 3d 955, 963 (2005). The underlying complaint and the insurance policy must be liberally construed in favor of the insured. See Westfield National Insurance Co. v. Long, 348 Ill. App. 3d 987, 990 (2004). However, when the underlying complaint does not allege even a single theory potentially within coverage, the insurer may justifiably refuse to defend against the underlying action. See *HPF, L.L.C. v. General Star Indemnity Co.*, 338 Ill. App. 3d 912, 915 2003 .

Generally, in determining whether a duty to defend exists, we may not look beyond the allegations of the underlying complaint. National Union Fire Insurance Co. of Pittsburgh v. R. Olson Construction Contractors, Inc., 329 Ill. App. 3d 228, 238 (2002). For example, we may not look to a third-party complaint "absent some unusual or compelling circumstances" for doing so.[3]

---

[3]Plaintiffs do not suggest that such circumstances exist here. Indeed, plaintiffs state that the allegations of Dodd's third-party complaint may not be considered in determining whether there is a

National Union, 329 Ill. App. 3d at 238. However, we may consider "true but unpleaded facts" that are known to the insurer and that, when coupled with the allegations of the complaint, give rise to a duty to defend. Shriver Insurance Agency v. Utica Mutual Insurance Co., 323 Ill. App. 3d 243, 247 (2001).[4] In the present case, plaintiffs argue two alternative grounds for finding coverage. We take these in turn.

Plaintiffs first argue that, by comparing Daniels' underlying complaint to the terms of the Policy, we may conclude that Dodd is potentially covered against Daniels' claim, that is,

duty to defend.

[4]The difference between "true but unpleaded facts" known to the insurer and allegations contained in a third-party complaint is that the former are facts known by the insurer to be true whereas the latter, at least in most cases, are merely allegations that may or may not be true. See National Union, 329 Ill. App. 3d at 238. Unless those allegations are known by the insurer to be true, we may not, absent unusual or compelling circumstances, consider them in determining whether there is a duty to defend. See National Union, 329 Ill. App. 3d at 238.

that there is a duty to defend. Under the terms of the Policy, Dodd is an additional insured. As such, Dodd is covered only if liability arises out of Cannonball's ongoing operations for Dodd. Daniels' complaint does not allege that he was injured as a result of Cannonball's ongoing operations for Dodd. Indeed, Daniels' complaint does not even mention Cannonball. Thus, a comparison of the complaint to the Policy reveals no potential for coverage. See Mudron, 358 Ill. App. 3d at 537.

Plaintiffs next argue that, based on "true but unpleaded facts" known to Federated, Dodd is potentially covered against Daniels' claim. Therefore, plaintiffs conclude that there is a duty to defend. We disagree.

As noted, Daniels' complaint does not mention Cannonball. However, in arguing that there is nevertheless the potential for coverage, plaintiffs point out that, according to the complaint, Daniels was injured while working for Litgen at a construction site run by Dodd. Plaintiffs add to this the "true but unpleaded facts" (of which Federated was aware) that Litgen was hired by Cannonball and that Cannonball was hired by Dodd. Plaintiffs then argue that Daniels would not have been at the site "but for" Cannonball's ongoing operations for Dodd, because Daniels would not have been there but for Litgen's being there, Litgen would not have been there but for Cannonball's having hired Litgen, and Cannonball would not have hired Litgen but for Cannonball's ongoing operations for Dodd. Plaintiffs argue that the fact that Daniels would not have been at the site "but for" Cannonball's ongoing operations on behalf of Dodd is sufficient to establish that Dodd's potential liability to Daniels arose out of Cannonball's ongoing operations on behalf of Dodd. See Maryland Casualty Co. v. Chicago & North Western Transportation Co., 126 Ill. App. 3d 150, 154 (1984). Plaintiffs remind us that, if Dodd's liability arose out of

Cannonball's ongoing operations for Dodd, then Dodd is potentially covered under the Policy. Thus, plaintiffs conclude that Daniels' claim is potentially covered.

Assuming the above argument has merit, there is still no potential for coverage. As noted, the Policy excludes coverage for liability resulting from Dodd's sole negligence. Here, Daniels has alleged that only Dodd's negligence caused his injury. For their part, plaintiffs have pointed to no "true but unpleaded facts" that might show that, despite Daniels' assertions, someone or something other than Dodd's negligence is responsible for Daniels' injuries. Accordingly, Daniels' claim against Dodd is not covered. Therefore, there is no duty to defend.

We find support for this conclusion in our decision in National Union. There, the personal injury plaintiff was injured while working at a construction site. National Union, 329 Ill. App. 3d at 230. The personal injury plaintiff was an employee of a concrete delivery business that had been hired by a concrete subcontractor to deliver concrete to the site. The personal injury plaintiff filed a negligence suit against the concrete subcontractor, which was named as an additional insured under a policy issued to the concrete delivery business. National Union, 329 Ill. App. 3d at 231. Under that policy, coverage was not available if liability arose out of the concrete subcontractor's negligence. Because the underlying suit alleged negligence against the concrete subcontractor, this court found no potential for coverage, and, thus, no duty to defend. National Union, 329 Ill. App. 3d at 231, 238.

Similarly, in the present case, the personal injury plaintiff, Daniels, has alleged negligence against Dodd. To be sure, the policy exclusion here is narrower than the one in National Union. There, the exclusion applied to any negligence; here, the exclusion applies

only to "sole negligence." However, under the particular facts of this case, this is a distinction without a difference. This is because Daniels has alleged only negligence and only against Dodd. Of course, this case would be different if there were in the underlying complaint an allegation besides Dodd's negligence. But there is not. This case would also be different if Federated knew of true but unpleaded facts establishing that something other than Dodd's negligence was to blame for Daniels' alleged injury. But there is no evidence that it does. Thus, here, as in National Union, there is no potential for coverage. There is therefore no duty to defend.

In an effort to get around this conclusion, plaintiffs rely on Department of Social Services v. Aetna Casualty & Surety Co., 177 Mich. App. 440, 443 N.W.2d 420 (1989), a Michigan appellate court case. There, the Department of Social Services (Department) leased space from its landlord. The terms of the lease required the landlord to procure liability insurance naming the Department as an additional insured. Social Services, 177 Mich. App. at 442, 443 N.W.2d at 421. The case arose when the plaintiff in the underlying personal injury suit was allegedly injured when she slipped and fell at the Department's office. She sued both the Department and the Department's landlord. Social Services, 177 Mich. App. at 443, 443 N.W.2d at 421. The Department was found liable, but its landlord was not. The Department then sought indemnification from the landlord's insurer on the basis of being named an additional insured. The insurer refused, citing a policy exclusion for liability due to the "sole negligence" of the additional insured. Social Services, 177 Mich. App. at 443-44, 443 N.W.2d at 421-22. In response, the Department sued for a declaratory judgment, seeking a determination that the insurer had a duty to indemnify. The Department then filed a motion for summary judgment, which the trial court granted.

Reviewing that decision only for an abuse of discretion, the Michigan appellate court affirmed. See Social Services, 177 Mich. App. at 446-47, 443 N.W.2d at 423. In doing so, the court reasoned that, for the policy exclusion to apply, the insurer would have to conclusively prove that the Department was the only one responsible for the injuries allegedly suffered by the personal injury plaintiff. See Social Services, 177 Mich. App. at 445-46, 443 N.W.2d at 422-23. The court concluded that, in light of the fact that (theoretically, at least) any number of parties could have been responsible for the personal injury plaintiff's injuries, because the office had been visited by 250 to 500 persons on the day of the accident, the insurer had failed to conclusively establish that those injuries resulted solely from the Department's negligence. See Social Services, 177 Mich. App. at 445-46, 443 N.W.2d at 423. Accordingly, the court concluded that the policy exclusion did not apply and, therefore, the insurer was obligated to indemnify the Department.

There are two important reasons why Social Services does not help plaintiffs here. First, and most significantly, that case is completely inapposite to the present one. There, the question was whether the insurer was obligated to indemnify its additional insured. Here, by contrast, the question is whether the insurer is obligated to defend its additional insured. These scenarios do not present the same question. See Mudron, 358 Ill. App. 3d at 537. Notably, the trial court in Social Services also concluded that the insurer was obligated to defend the Department, and that conclusion was not challenged on appeal. See Social Services, 177 Mich. App. at 443, 443 N.W.2d at 421-22. Presumably, this was because a potential for coverage existed. And presumably, this was because the policy excluded liability based on the Department's "sole negligence" and the personal injury plaintiff had sued two parties--that is, the Department and its landlord. Here, by contrast, the personal injury plaintiff, Daniels, has sued only one party, Dodd, and has alleged that only Dodd was

responsible for causing his injuries. Therefore, far from supporting plaintiffs, Social Services undermines them.

Second, even if we were to cast aside the fact that Social Services is inapposite to the present case, it would be inappropriate to apply its reasoning. Again, under that reasoning, the "sole negligence" exclusion does not apply unless the insurer conclusively establishes that there is no possibility that something other than the additional insured's negligence was to blame for the personal injury plaintiff's injuries. See Social Services, 177 Mich. App. at 445-46, 443 N.W.2d at 422-23. Under that approach, we would be forced to conclude that, despite a sole negligence exclusion, there is the potential for coverage--and, hence, a duty to defend--if there is any chance that something other than the additional insured's negligence is responsible for the personal injury plaintiff's injuries. This approach would be contrary to well-settled precedent. Specifically, it would be contrary to the requirement that, in determining whether there is a duty to defend, we generally may consider only the allegations of the underlying complaint and the relevant policy provisions. National Union, 329 Ill. App. 3d at 238. Were we to apply the Social Services approach here, we would be looking beyond the allegations of the underlying complaint. Indeed, we would be searching our own imagination to find hypothetical possibilities potentially bringing the case within coverage. This we may not do. See National Union, 329 Ill. App. 3d at 238.

In sum, by comparing the underlying complaint to the Policy, we see that the former states no claim within or potentially within the coverage provided by the latter. Moreover, this conclusion does not change, even when we add the fact, known to Federated and true but unpleaded, that Cannonball employed Litgen, which employed Daniels. Assuming this additional fact is enough to establish that liability for Daniels' injuries arose out of Cannonball's ongoing operations for Dodd, it is nevertheless not enough to show a potential for coverage. The Policy excludes liability for claims

based on Dodd's sole negligence, and Daniels claims only that Dodd single-handedly, negligently caused Daniels' injuries.  Thus, Daniels' claim against Dodd is not within or potentially within coverage.  Because it is not, there is no duty to defend.  Accordingly, we affirm the judgment of the circuit court of Kane County granting Federated's motion for summary judgment and denying plaintiffs' motion for summary judgment.

Affirmed.

GROMETER, P.J., and BOWMAN, J., concur.