# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *A-1 Roofing Co. v. Navigators Insurance Co.*, 2011 IL App (1st) 100878

---

| | |
|---|---|
| Appellate Court Caption | A-1 ROOFING COMPANY, Plaintiff-Appellant, v. NAVIGATORS INSURANCE COMPANY and JACK FROST IRON WORKS, INC., Defendants-Appellees. |
| District & No. | First District, Sixth Division <br> Docket No. 1-10-0878 |
| Filed | June 24, 2011 |
| Rehearing denied | November 22, 2011 |
| Held <br><br> (*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action seeking a declaratory judgment that defendant insurer owed plaintiff general contractor a duty to insure and indemnify it in an underlying suit for the death of a subsubcontractor's employee, the trial court erred in finding that the insurer had no duty to defend or indemnify the general contractor, since the general contractor was named as an additional insured under a policy obtained by a subcontractor and the sole negligence exclusion was not triggered so as to negate coverage as to the general contractor, and therefore, the grant of summary judgment for the insurer was reversed. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CH-5980; the Hon. Martin S. Agran, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on Appeal

Brian A. O'Gallagher and Michael P. McBride, both of Cremer, Spina, Shaughnessy, Jansen & Siegert, LLC, of Chicago, for appellant.

Daniel P. Costello and James C. Barrow, both of Daniel P. Costello & Associates, of Chicago, for appellees.

Panel

JUSTICE CAHILL delivered the judgment of the court, with opinion.
Presiding Justice Garcia and Justice McBride concurred in the judgment.

## OPINION

¶ 1    Plaintiff A-1 Roofing Company (A-1) appeals from the trial court's grant of summary judgment against A-1 and in favor of defendant Navigators Insurance Company (NIC). We reverse and remand.

¶ 2    A-1 was the general contractor for a roof resurfacing job at Barrington High School. Jack Frost Iron Works, Inc. (Frost), was one of A-1's subcontractors. Frost had a commercial general liability insurance contract with NIC containing an additional insured endorsement. The additional insured endorsement contains a clause, stating: "[n]either the coverages provided by this insurance policy nor the provisions of this endorsement shall apply to any claim arising out of *the sole negligence of any additional insured* or their agents/employees." (Emphasis added.) It is undisputed that A-1 is an additional insured under Frost's policy.

¶ 3    William McKoin, an employee of A-1 subcontractor Midwest Sheet Metal, Inc., was killed when a boom-lift he was operating flipped over while working on the project. The boom-lift had been leased by Frost subcontractor Bakes Steel Erectors, Inc. (BSE). McKoin's estate brought a construction negligence and wrongful death suit against A-1, BSE and two other defendants. Frost was not named as a party or mentioned in the complaint. A-1 filed a declaratory judgment action against NIC, seeking a judgment that NIC owed it a duty to defend and indemnify the underlying McKoin suit. The trial court found NIC had no duty to defend or indemnify A-1 because McKoin's complaint did not state a cause of action against the insured, Frost. Defendant appeals.

¶ 4    Our standard of review from a trial court's summary judgment ruling is *de novo*. *Weather-Tite, Inc. v. University of St. Francis*, 233 Ill. 2d 385, 389, 909 N.E.2d 830 (2009).

¶ 5    "In determining if there is a duty to defend a particular lawsuit, the underlying complaint and the insurance policy will be liberally construed in favor of the insured, and all doubts and ambiguities will be resolved in favor of extending coverage to the insured." *Village of Hoffman Estates v. Cincinnati Insurance Co.*, 283 Ill. App. 3d 1011, 1014, 670 N.E.2d 874 (1996) (citing *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.*, 144 Ill. 2d 64, 74, 578 N.E.2d 926 (1991)). "Where a policy provision is clear and unambiguous, its language must be taken in its 'plain, ordinary and popular sense.' " *Wilkin*, 144 Ill. 2d at 74

(quoting *Hartford Accident & Indemnity Co. v. Case Foundation Co.*, 10 Ill. App. 3d 115, 121, 294 N.E.2d 7 (1973)).

¶ 6 A-1 contends that NIC had a duty to defend or indemnify A-1 because A-1's liability "arose" out of Frost's work for A-1, and "but for" Frost's retention of BSE, A-1 would not have been sued by McKoin. A-1 points to language in the policy stating that an additional insured is covered "with respect to liability arising out of 'your work' for that insured by or for you." "Your work" is defined in the policy as "[w]ork or operations performed by you or on your behalf." A-1 contends that since the underlying injury arose out of work performed "for" Frost by BSE (Frost's subcontractor), the claim against A-1 is within the scope of the additional insured endorsement.

¶ 7 The policy language here is clear and unambiguous: it includes in the definition of "[y]our work," "[w]ork or operations performed *** *on your behalf*." (Emphasis added.) It is undisputed that Frost was subcontracted by A-1 for the Barrington High School project, and Frost subcontracted a portion of the work to BSE. The underlying complaint alleges McKoin's death occurred while BSE was performing this work on Frost's behalf, in furtherance of the work Frost was contractually obligated to perform for A-1. See *Wanzek Construction, Inc. v. Employers Insurance of Wausau*, 679 N.W.2d 322, 329-30 (Minn. 2004) (work was performed "on behalf" of general contractor where the subcontractor's performance of its obligations contributed to performance by the general contractor of its obligation to the owner). We believe that A-1's liability in the underlying McKoin suit arose out of work performed for A-1 on behalf of Frost by BSE. See *American Economy Insurance Co. v. Holabird & Root*, 382 Ill. App. 3d 1017, 1035, 886 N.E.2d 1166 (2008) (but for the underlying plaintiff's work for subcontractor, the plaintiff would not have been injured, so the plaintiff's injuries potentially arose out of subcontractor's work); *State Automobile Mutual Insurance Co. v. Kingsport Development, LLC*, 364 Ill. App. 3d 946, 954, 846 N.E.2d 974 (2006) (same).

¶ 8 We next address the primary dispute in this case: whether the "sole negligence clause" contained in the policy should negate NIC's obligation to provide coverage to A-1.

¶ 9 The sole negligence clause in the policy at issue states: "[n]either the coverages provided by this insurance policy nor the provisions of this endorsement shall apply to any claim arising out of the *sole negligence of any additional insured or any of their agents/employees*." (Emphasis added.)

¶ 10 A-1 contends that the sole negligence exclusion does not apply because McKoin's underlying lawsuit did not *solely* allege negligence on behalf of A-1 but also alleged negligence on behalf of BSE and two other parties. A-1 argues that the exclusion would only apply if the underlying allegations were exclusively directed toward A-1.

¶ 11 NIC responds that the sole negligence exclusion was triggered because Frost (the named insured) was not alleged to have been negligent and direct allegations of negligence against A-1 (the additional insured) are stated in the underlying complaint.

¶ 12 NIC relies, as did the trial court, on our holding in *National Fire Insurance of Hartford v. Walsh Construction Co.*, 392 Ill. App. 3d 312, 909 N.E.2d 285 (2009). NIC also relies on the Second District Appellate Court's decision in *L.J. Dodd Construction, Inc. v. Federated*

*Mutual Insurance Co.*, 365 Ill. App. 3d 260, 264, 848 N.E.2d 656 (2006).

¶ 13 In *Walsh*, the employee of a subcontractor was injured during a construction project. The employee filed a complaint against the general contractor and the project owner. The complaint alleged that an employee of the general contractor had negligently caused the underlying accident. The general contractor sought coverage as an additional insured on the subcontractor's policy. The policy contained an additional insured endorsement, stating: " '[n]o coverage applies to liability resulting from the sole negligence of the additional insured.' " *Walsh*, 392 Ill. App. 3d at 313-14. The trial court found there was no duty to defend because the complaint placed sole blame for the employee's injury on the general contractor and project owner.

¶ 14 On appeal, we affirmed but said that the trial court "ruled that no duty to defend on the part of [the carrier] was triggered by the [employee's] complaint because the complaint placed sole blame for [the] injury on [the additional insured's] direct negligence." *Walsh*, 392 Ill. App. 3d at 316. The negligent act alleged by the plaintiff in his complaint concerned only an act by the employee of the additional insured, who " 'moved a section of the roof's support causing the roof deck on which the Plaintiff was working to fall.' " *Walsh*, 392 Ill. App. 3d at 319. In concluding the carrier had no duty to defend the additional insured, we said that "this is a case where the alleged negligence falls on no one other than the general contractor." *Walsh*, 392 Ill. App. 3d at 320.

¶ 15 In *Dodd*, Dodd was the general contractor on a construction project. Dodd hired Cannonball to do work on the project, and Cannonball named Dodd as an additional insured under its insurance policy. Under the policy, Dodd was not covered if liability resulted from Dodd's " 'sole negligence.' " *Dodd*, 365 Ill. App. 3d at 261. Cannonball hired Litgen to do work on Dodd's project, and one of Litgen's employees was injured. The employee brought a negligence action against Dodd. In the complaint the employee only alleged negligence against Dodd and did not mention Cannonball. Dodd brought action seeking a determination that the carrier was obligated to defend Dodd against the negligence suit. The trial court entered summary judgment in favor of the carrier.

¶ 16 The Second District affirmed, finding the carrier had no duty to defend. The court noted that the plaintiff alleged only that Dodd's negligence caused his injury, and Dodd had pointed to no "true but unpleaded facts" that might show that someone other than Dodd was responsible for the plaintiff's injuries. The court explained:

"[T]his case would be different if there were in the underlying complaint an allegation besides Dodd's negligence. But there is not. This case would also be different if [the carrier] knew of true but unpleaded facts establishing that something other than Dodd's negligence was to blame for [the plaintiff's] alleged injury. ***

* * *

*** The Policy excludes liability for claims based on Dodd's sole negligence, and [the plaintiff] claims only that Dodd single-handedly, negligently caused [the plaintiff's] injuries. Thus, [the plaintiff's] claim against Dodd is not within or potentially within coverage." *Dodd*, 365 Ill. App. 3d at 264-66.

¶ 17 Unlike *Walsh* and *Dodd*, McKoin's complaint here did not allege that his injuries arose

solely from A-1's negligence. The complaint also alleged negligence on the part of BSE and two other parties. We believe the plain, unambiguous meaning of "the sole negligence of any additional insured" implies "exclusively or entirely" or "single-handedly." See *Dodd*, 365 Ill. App. 3d at 266 ("[t]he Policy excludes liability for claims based on [the additional insured's] sole negligence, and [the plaintiff] claims only that [the additional insured] single-handedly, negligently caused [the plaintiff's] injuries"); *Hoffman Estates*, 283 Ill. App. 3d at 1014 ("[t]he term 'solely' implies exclusively or entirely. By the express terms of the endorsement, [the named insured's] acts or omissions must be the *sole* ground for alleging liability against the [additional insured] for coverage to apply. *** [The underlying plaintiff's] complaint alleged liability directly against both defendants, [the named insured] *and* [the additional insured]. *** [T]he explicit terms of the endorsement are not met, and [the additional insured] is not covered under [the named insured's] insurance policy." (Emphasis in original.)).

¶ 18 Here, A-1 was the *only* additional insured on Frost's policy. By the explicit terms of the endorsement, for the sole negligence provision to apply, the underlying negligence allegations needed to exclusively, entirely or single-handedly be based on A-1's negligence. But, in addition to A-1, the underlying complaint alleged that BSE and two additional parties were also negligent. We are required to liberally construe the insurance policy and resolve doubts or ambiguities in favor of the insured. *Wilkin*, 144 Ill. 2d at 74. Because the negligence allegations in the underlying complaint were not "exclusively," "entirely" or "single-handedly" directed at A-1, we believe that the sole negligence exclusion was not triggered to negate coverage as to A-1. *Dodd*, 365 Ill. App. 3d at 264-67; *Hoffman Estates*, 283 Ill. App. 3d at 1014.

¶ 19 Finally, A-1 contends that NIC is estopped from disclaiming coverage.

¶ 20 An insurer that believes an insured is not covered under a policy cannot simply refuse to defend the insured. *Employers Insurance of Wausau v. Ehlco Liquidating Trust*, 186 Ill. 2d 127, 150, 708 N.E.2d 1122 (1999). The insurer must either: (1) defend the suit under a reservation of rights; or (2) seek a declaratory judgment that there is no coverage. *Ehlco*, 186 Ill. 2d at 150. "If the insurer fails to take either of these steps and is later found to have wrongfully denied coverage, the insurer is estopped from raising policy defenses to coverage." *Ehlco*, 186 Ill. 2d at 150-51.

¶ 21 NIC failed either to defend A-1 under a reservation of rights or seek a declaratory judgment. A-1 brought this declaratory judgment action against NIC and Frost nearly four years after tendering the McKoin suit to NIC. NIC responded in a letter but failed to do anything further. Under the rule from *Ehlco*, NIC is estopped from asserting policy defenses to coverage. On appeal, NIC does not contest the finding on this issue. See *Martis v. Grinnell Mutual Reinsurance Co.*, 388 Ill. App. 3d 1017, 1024, 905 N.E.2d 920 (2009) (in the absence of a cross-appeal, the reviewing court is confined to the issues presented by the appellant).

¶ 22 The trial court's grant of summary judgment in favor of Navigators Insurance Company and Jack Frost Iron Works, Inc., and against A-1 Roofing Company is reversed and the cause is remanded for proceedings not inconsistent with this opinion.

¶ 23       Reversed and remanded.