NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Argued May 23, 2012
Decided August 8, 2012

**Before**

DANIEL A. MANION,  *Circuit Judge*

ILANA DIAMOND ROVNER,  *Circuit Judge*

DAVID F. HAMILTON.  *Circuit Judge*

No. 11-3763

| | |
|---|---|
| AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *Plaintiff-Appellee*, | |
| | No. 10 CV 08021 |
| *v.* | |
| | George M. Marovich, *Judge*. |
| ALLIED TUBE & CONDUIT CORPORATION, | |
| *Defendant-Appellant*. | |

**O R D E R**

I.

System Transport, Inc. ("System Transport") is a trucking company and has a contract with Tyco International Ltd. ("Tyco") to transport goods. Under its contract with Tyco, System Transport was required to purchase comprehensive liability insurance for itself. System Transport obtained the required insurance policy from American Trucking and Transportation Insurance Company ("ATTIC"), the plaintiff in this case. Naturally, System Transport is designated as the "Named Insured" in its insurance policy and one of

the primary purposes of the policy is to cover any liability resulting from System Transport's own negligence.

As part of its trucking agreement with Tyco, System Transport was also required to designate Tyco and its subsidiaries as "Additional Insureds." One of Tyco's subsidiaries is the defendant in this case, Allied Tube & Conduit Corporation ("Allied"). Accordingly, System Transport's insurance policy gives some coverage to Allied as an Additional Insured. It is the nature of this coverage that is the subject of the case before us. Generally, the purpose of including additional insureds in insurance policies is to protect the additional insured from liability resulting from the named insured's negligence. In this case, Allied argues that System Transport's insurance policy is broader than normal and that it covers liability resulting from Allied's own alleged negligence. We disagree, and we hold that System Transport's insurance policy does not cover Allied for Allied's own alleged negligence. But like the district court, in order to analyze Allied's claim, we need to properly interpret the specific language of System Transport's particular insurance contract with ATTIC.

In January 2007, Terry Morris, a System Transport employee, drove his company truck to pick up a load of steel tubing at an Allied facility in Harvey, Illinois. The tubing was located outside, exposed to the elements, and was allegedly covered with oil and ice. Morris loaded the steel tubing onto his truck and attempted to secure the load and cover it with a tarp. Morris alleges that while he was doing this, he slipped on the tubing and fell off the truck, resulting in a severe injury to his lower spine and neurological damage.

Morris sued Allied in Cook County Circuit Court, alleging that Allied was negligent for failing to have safe procedures and the proper equipment for loading and securing steel tubing.[1] Allied then tendered the defense of the Morris lawsuit to ATTIC, contending that ATTIC was required to defend and indemnify Allied under the terms of ATTIC's insurance agreement with System Transport. ATTIC rejected the tender, asserting that the insurance policy did not require ATTIC to defend Allied for Allied's own alleged negligence.

ATTIC initiated this suit against Allied in federal district court in Illinois based on diversity jurisdiction, seeking a declaratory judgment that ATTIC had no duty to defend

---

[1] In response to being sued by Morris, Allied filed a third-party complaint against System Transport, asserting a claim of contribution on the ground that System Transport was negligent for failing to provide Morris with adequate training, supervision, warning, and proper safety equipment. Allied's third-party complaint is not a factor in this appeal, as we explain later. But it is important to note that Morris did not initially sue System Transport or allege that System Transport was negligent.

Allied in the Morris lawsuit. Allied filed an answer and a counterclaim, seeking a declaratory judgment that ATTIC did have a duty to defend. With no facts in dispute, the parties filed cross-motions for judgment on the pleadings. The district court ruled in ATTIC's favor, concluding that ATTIC did not have a duty to defend Allied under the terms of the insurance agreement. In particular, the district court held that ATTIC's insurance contract covered System Transport and any liability Allied might have resulting from System Transport's negligent conduct, but that it did not cover Allied's own negligence. Allied appeals.

## II.

We review a district court's ruling on a motion for judgment on the pleadings de novo. *Bland v. Fiatallis N. Am., Inc.*, 401 F.3d 779, 782 (7th Cir. 2005). The parties agree that Illinois law governs this federal diversity case. The sole issue on appeal is the interpretation of ATTIC's insurance policy. "The construction of the provisions of an insurance policy is a question of law, subject to *de novo* review." *Nicor, Inc. v. Associated Elec. & Gas Ins. Servs.*, 860 N.E.2d 280, 285 (Ill. 2006). "A court's primary objective is to ascertain and give effect to the intention of the parties as expressed in the agreement." *Id.* at 286. To accomplish this, we "must construe the policy as a whole, taking into account the type of insurance purchased, the nature of the risks involved, and the overall purpose of the contract," while giving to the words of the policy "their plain and ordinary meaning." *Id.*

The case turns on the following provision from the Additional Insured Endorsement of the insurance agreement:

> The above named Additional Insured(s) are included as insureds to the extent of the terms, conditions and exclusions of the applicable policy issued by ATTIC, RRG to the Named Insured and only to the extent the Additional Insured(s) are liable to others (and only to the extent of the actual liability) for the conduct of an insured under the applicable policy. The additional insured status of the above named Additional Insured(s) ceases when the Additional Insured(s) is no longer liable for the conduct of an insured or at the policy expiration date, whichever occurs first.

There is no dispute that Allied qualifies as an "Additional Insured." Instead, the parties disagree on how this provision should be interpreted. Allied interprets the provision to mean that ATTIC must defend Allied for Allied's own negligent conduct, simply because it is listed as an "Additional Insured." On the other hand, ATTIC interprets the provision to mean that ATTIC is not required to defend Allied for Allied's own negligence, but must defend Allied only for claims arising out of System Transport's conduct as the Named Insured. The district court adopted ATTIC's interpretation, and we agree.

In support of its position, Allied emphasizes the phrase "as insureds" in the first portion of the Endorsement: "The above named Additional Insured(s) are included *as insureds* . . . ." (emphasis added). Allied argues that this language means that Allied, as an Additional Insured, is also an "insured." Allied then argues that any subsequent reference to an "insured" must include Allied (and any other Additional Insured). So when the provision goes on to state that it covers situations where "the Additional Insured(s) are liable to others . . . for the conduct of an insured," Allied argues that this means that the provision covers situations where Allied (as an Additional Insured) is "liable to others . . . for the conduct of [Allied]." In sum, Allied contends that this Endorsement requires ATTIC to defend Allied where Allied is liable for its own conduct, including the negligence alleged by Morris in the state-court lawsuit.[2]

Like the district court, we disagree that this interpretation of the Endorsement is consistent with its plain and ordinary meaning. When read naturally, the first sentence of the provision does two things. First, it states that an Additional Insured is covered by the policy to the extent of the policy's terms and conditions. Second, it then introduces a limitation to the Additional Insured's coverage, emphasized by the word "only": "*only* to the extent the Additional Insured(s) are liable to others (and only to the extent of the actual liability) for the conduct of an insured under the applicable policy." (emphasis added). In this last part of the first sentence, the limitation to an Additional Insured's coverage is described by making a distinction between "the Additional Insured(s)" and "an insured."

This distinction is made evident by reading the Endorsement in conjunction with the entire insurance policy. In Section II, Definitions, the insurance policy defines "insured" to be System Transport, System Transport's employees and agents while using a System Transport truck, and any one else using a System Transport truck with its permission.[3] With this definition, the only sensible reading of the Endorsement's first sentence is that any Additional Insured (e.g., Allied) is also covered under the insurance policy "only to the extent that" the Additional Insured (e.g., Allied) "is liable for the conduct of an insured" (namely, System Transport or any employee, agent, or other person using System

---

[2]In support of this interpretation of the insurance provision, Allied points to case law where courts interpreted the phrase "an insured" broadly to include "any" insured. *See Transamerica Ins. Co. v. South*, 125 F.3d 392, 399 (7th Cir. 1997); *Brile v. Estate of Brile*, 695 N.E.2d 1309, 1312-14 (Ill. App. Ct. 1998); *Allstate Ins. Co. v. Smiley*, 659 N.E.2d 1345, 1351-53 (Ill. App. Ct. 1995). We agree with the district court that these cases are not relevant as they address the difference between the definite article "the" and the indefinite article "an."

[3]Specifically, the definition of "insured" states the following: "includes (1) the Named Insured(s) for any Covered Trucking Unit; (2) the employees or agents of the Named Insured(s) while using or maintaining any Covered Trucking Unit under the authority of the Named Insured(s); and (3) anyone else while using with the Named Insured's permission any Covered Trucking Unit." System Transport is the only "Named Insured" in this case.

Transport's trucks with System Transport's authority, i.e., those specifically defined as "insured"). That means that Allied is covered by the insurance policy only if it is liable for the conduct of System Transport, but not for Allied's own conduct.

Our reading of the Endorsement is further supported by its second sentence: "The additional insured status of the above named Additional Insured(s) ceases when the Additional Insured(s) is no longer liable for the conduct of an insured or at the policy expiration date, whichever occurs first." Under Allied's reading, we would have to replace "an insured" with "Allied." In other words, the second sentence of the Endorsement would read: "The additional insured status of [Allied] ceases when [Allied] is no longer liable for the conduct of [Allied] or at the policy expiration date, whichever occurs first." But Allied is always liable for its own conduct, making this portion of the Endorsement absurd if interpreted with Allied's reading. In contrast, if we interpret "the conduct of an insured" to mean "the conduct of System Transport or its employees, agents, and truck drivers," the Endorsement's second sentence has one meaning: Allied's additional insured status ceases when Allied is no longer liable for the conduct of System Transport or at the policy expiration date.

Based on this interpretation of the Endorsement suggested by ATTIC and adopted by the district court, Allied is not covered by the insurance policy for its own negligent conduct, but only for System Transport's conduct for which Allied can be held liable. This is the only reasonable meaning of the insurance agreement. Consequently, Allied is not covered under the insurance agreement for its negligent conduct as alleged by Morris in his state court suit, and therefore, ATTIC has no duty to defend Allied.[4] The judgment of the district court is AFFIRMED.

---

[4]Allied also argues that Morris's allegations and Allied's third-party complaint filed against System Transport raises the possibility that Allied's liability is based on the conduct of System Transport—and that this creates for ATTIC a duty to defend Allied under the Endorsement interpretation we adopt above. But this argument is unpersuasive. In determining whether an insurer has a duty to defend, we examine the underlying complaint, *Nat'l Cas. Co. v. McFatridge*, 604 F.3d 335, 338 (7th Cir. 2010), and generally do not look outside those allegations to determine coverage. *L.J. Dodd Constr., Inc. v. Federated Mut. Ins. Co.*, 848 N.E.2d 656, 658 (Ill. App. Ct. 2006). In this case, Morris did not sue System Transport and, on the face of the complaint, Morris's allegations fall outside the policy coverage. Furthermore, there are no "unusual or compelling circumstances" for looking to the third-party complaint. *Id.* (internal quotation omitted); *see also Nat'l Fire Ins. of Hartford v. Walsh Constr. Co.*, 909 N.E.2d 285, 293 (Ill. App. Ct. 2009).